EDWARD L. BOWER v. G. HENSHAW & SONS.

1. LIMITATION OF ACTIONS. *Absence of debtor. Attachment. Both parties non-resident.*
The Statute of Limitations does not operate against a demand during the debtor's absence from the State, as a non-resident; and this rule applies in an action of attachment by a non-resident creditor against a non-resident debtor, as well as in a case where the attaching creditor is a resident of the State.

2. SUPREME COURT. *Practice. Verdict. Instruction.*
The verdict of a jury upon the question of the ratification of an unauthorized act of an agent by the acquiescence of the principal will not be disturbed by this court, where it is warranted by the evidence, and has been approved by the court below in the denial of a motion for a new trial, and it does not appear that the jury were misled by the instructions.

ERROR to the Circuit Court of Yazoo County.

Hon. S. S. CALHOON, Judge.

This is an action by attachment, commenced in 1873, upon an open account dated in 1861. The writ was served upon garnishees, and levied upon property of the defendant. The defendant pleaded, amongst other pleas, the Statute of Limitations. The plaintiffs' replication admitted that the action was not commenced within the time prescribed by the statute, but sought to avoid the bar by an averment that the defendant was then, and had been since 1866, a citizen and resident of the State of Louisiana. The defendant demurred to the replication, on the ground that the non-residence of the defendant was no reason or excuse for the failure of the plaintiffs to sue by attachment within the limitation prescribed by the statute. The demurrer was overruled, and the defendant sued out a writ of error. A suppletory statement of the case will be found in the opinion of the court.

*Shelton & Shelton,* for the plaintiff in error.

1. The remedy by attachment in favor of a non-resident creditor against a non-resident debtor is given by the statute only to "subject any property or effects of the non-resident debtor within the State to the payment of the demand of the non-resident creditor." Code 1871, sect. 1471. It is only a proceeding *in rem*, and in this respect differs from attachments generally, which by summons or appearance become proceedings *in personam* as well as *in rem*. Code 1871, sect. 1470. Sect. 2157 of the Code of 1871, which excepts from the operation of the Statute of Limitations the time of a debtor's absence from, and residence out of, the State, only applies to actions *in personam*, and not to remedies *in rem*. The former cannot be brought without the defendant's presence in the State, but as to remedies *in rem* by attachment, the non-residence of the defendant is the foundation of the remedy. 38 Miss. 218.

2. The defendants in error, by their long acquiescence, ratified the act of their attorneys in the settlement of the claim. Their attorneys were aware of the settlement during

seven years, and if the fact was not promptly communicated to them, it must be regarded as gross neglect on their part, as well as by their attorneys. The motion for a new trial should have been granted, both upon the evidence and because of erroneous instructions.

*D. Jones*, for the defendants in error.

The instructions given are correct; but if they were erroneous, a new trial would not be granted, because the verdict is clearly in accordance with the law and the evidence in the case. *Brantley* v. *Carter*, 4 Cushm. 282; *Cameron* v. *Wilson*, 40 Miss. 191; *Holloway* v. *Armstrong*, 1 Geo. 594; 2 Geo. 570; 3 Geo. 125; 1 Cushm. 524. Nor will a new trial be granted for any error in giving or refusing instructions, when the verdict is right. 1 Cushm. 524; 13 Smed. & M. 532; 2 Cushm. 431; 6 Cushm. 730; 11 Smed. & M. 169; 4 How. 231.

*Nugent & Mc Willie*, on the same side.

The rule that the absence of a debtor is excepted from the operation of the Statute of Limitations applies as well where the debtor had never been in the State when the cause of action accrued, as where, having been in the State when the action accrued, he afterwards departs; and it applies though the debtor had, during his absence, property in the State which the creditor might have seized by attachment. *Estes* v. *Rawlins*, 5 How. 258; *Fisher* v. *Fisher*, 43 Miss. 212. Under the Constitution of the United States, a non-resident suing in this State is entitled to the same rights, in the courts, which belong to citizens of the State. Therefore, the plaintiffs below were entitled to invoke in their favor the exception prescribed in the Statute of Limitations.

CAMPBELL, J., delivered the opinion of the court.

The demurrer to the replication to the plea of the Statute of Limitations was properly overruled. *Trotter* v. *Erwin*, 27 Miss. 772; *Fisher* v. *Fisher*, 43 Miss. 212. There is no distinction between an attachment by a non-resident creditor against a non-resident debtor and an attachment by a resident creditor against such debtor.

The action was defended in the Circuit Court, on the trial before the jury, as appears from the instructions, wholly on the ground that the plaintiffs had ratified the confessedly unauthorized act of their attorneys in accepting the transfer of another claim as payment of the claim of plaintiffs in their hands for collection. The well-established rule that an attorney, without express authorization, cannot receive any thing except money in payment of a claim intrusted to him for collection, was recognized in the trial, and the effort was to show ratification, by acquiescence on the part of the plaintiffs, of the action of their attorneys. This question was fairly submitted to the jury, and it is not apparent that they were misled by the instructions; and we are not disposed to disturb the verdict, which is warranted by the evidence and was approved by the Circuit Court.

Judgment affirmed.

