Statement of the case.

---

.

JEANETTE HUNT ET AL. *v.* AMANDA T. BELKNAP.

1. STATUTE OF LIMITATION.    *Absence from state. Code* 1857, *art.* 13, *p.* 400.    *Code* 1871, § 2157.

   Under code 1857, art. 13, p. 400, and code 1871, § 2157, so providing, time which elapsed before one liable to suit came into this state did not avail him in support of a plea of the statute of limitation, and if, after he came into the state, he be again absent and reside out of the state, the time of his absence could not be counted in his favor.

2. SAME.    *Code* 1880, § 2678.    *Code* 1892, § 2748.

   By the code 1880, § 2678, and code 1892, § 2748, the provisions of the earlier code were so far modified that the time which elapsed before the defendant came into this state could no longer be deducted in ascertaining whether or not the bar had attached.

3. SAME.    *Code* 1880, § 2684.    *Code* 1892, § 2754.

   Under code 1880, § 2684, and code 1892, § 2754, so providing, the completion of the bar of the statute of limitation in any jurisdiction of the defendant's residence bars an action in this state, unless the case be within some statutory exception.

4. SAME.    *Cause of action in this state. When it accrues.*

   A cause of action accrues in this state whenever a party has a right of action here, and, if the person against whom it has accrued be absent from and reside out of the state, the time of his absence cannot be counted as a part of the time limited for the commencement of the action after his return.

5. SAME.    *Suit to foreclose mortgage. Code* 1880, § 2678. *Code* 1892, § 2748.

   Under code 1880, § 2678, and code 1892, § 2748, so providing, the time of the absence and residence of the debtor out of this state is not to be computed to bar a cause of action to foreclose a mortgage which accrued in this state.

FROM the chancery court of Jefferson county.

HON. WILLIAM C. MARTIN, Chancellor.

Mrs. Belknap, appellee, was complainant, and Mrs. Hunt and others, appellants, were defendants in the court below

The suit was to foreclose a mortgage on Flatland plantation, in Jefferson county, this state, executed in January, 1883, given by Thomas W. Hunt and his wife, the appellant, Mrs. Jeanette Hunt, then residents of this state, to secure a note of said date executed by Thomas W. Hunt for $12,000, payable at Cincinnati, Ohio, due five years thereafter. It appeared that Hunt and his wife removed to North Dakota during the latter part of the year 1883, before maturity of the note, and never afterwards resided in this state. Hunt conveyed the land, October 1, 1883, subject to the mortgage, to Mrs. Mary A. Wood, his mother, who at once conveyed the same to appellant, Jeanette Hunt. Thomas W. Hunt died in North Dakota, October 1, 1895, intestate, and wholly insolvent, and letters of administration have never been granted on his estate. The defendants, including his widow, Mrs. Jeanette Hunt, are the heirs of said decedent. The defendants demurred to the bill of complaint, claiming that the cause of action was barred by the statutes of limitation. The court below overruled the demurrer, and the defendants appealed to the supreme court. The statutes construed are as follows:

*Code* 1857, *Art.* 13, pp. 400-1, and *Code* 1871, § 2157: " If, at the time when any cause of action mentioned in this chapter shall accrue against any person, he shall be out of the state, the action may be commenced within the time herein limited therefor, after such person shall have come into the state; and if, after any cause of action shall have accrued, the person against whom it has accrued shall be absent from, and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action."

*Code* 1880, § 2678, and *Code* 1892, § 2748: " If, after any cause of action have accrued *in this state*, the person against whom it has accrued be absent from, and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action after his return."

*Code* 1880, § 2684, and *Code* 1892, § 2754: "When a cause of action has accrued in some other state, or in a foreign country, and by the law of such state or country, or of some other state or country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, an action thereon shall not be maintained in this state."

*Pintard & Ratcliff*, for appellants.

The case of *Pindell* v. *Harris*, 57 Miss., 739, was decided under the code of 1871. The language of that statute is very different from the code of 1880 and the present code. The case of *Withers* v. *Bullock*, 53 Miss., 539, was decided under the code of 1871, and was a personal action, being a suit on an open account. In the case at bar absence from and residence out of the state by T. W. Hunt was no impediment to the institution of a foreclosure suit. The same proceeding instituted now could have been instituted at any time after maturity of the note.

*Lindenmayer* v. *Gunst*, 70 Miss., 693, was a case where the owners of land were nonresidents of the state, never having been residents, but had a tenant on the land, who occupied and rented it. Suit was instituted against Gunst, the tenant, for possession. Payne, the landlord, was admitted to defend in his stead. Payne and his immediate vendors had been in possession for more than ten years. Judge Campbell, in his opinion, says § 2678, code of 1880 (§ 2748, code of 1892), has no application. It applies entirely where a cause of action accrues in this state and the person against whom it has accrued goes from and resides out of this state, the words, "in this state," being italicized. Judge Campbell was evidently of the opinion that, unless a cause of action accrued "in this state," § 2748 did not apply.

The case of *Robinson* v. *Moore*, 76 Miss., 89, relied on by counsel for complainant in the court below, is entirely different

from the case at bar. In that case a suit at law was instituted on a promissory note made in Tennessee, in renewal of an indebtedness which had originated in Mississippi, making the note payable in Mississippi. The main question in *Robinson* v. *Moore*, and the only one directly decided, is that § 2748 applies as well to a person who has never been in the state as to one who resided here and afterwards removed to another state and acquired a residence there. The note being payable in Mississippi, the cause of action accrued in this state, and the maker of the note, being absent from and residing out of the state, could not, under § 2748, avail himself of the six years statute of limitations.

The case at bar is very different. The note sued on is payable in Cincinnati, Ohio. The complainant resides in Washington, District of Columbia, and the maker of the note residing in Dakota. There was nothing in Mississippi except the mortgaged property; and the court in *Robinson* v. *Moore* intimates that a cause of action accrues where the note is made payable. If this is true, it disposes of this question, for, the note being payable in Ohio, the cause of action did not accrue in this state, and § 2748 does not apply. The complainant could have commenced her foreclosure proceedings at any time after January 26, 1888, as she has done now. The absence of the debtor and his residence out of the state did not prevent her from foreclosure of her mortgage. Then, why wait until now, nearly ten years after the maturity of the note, and nearly two years after the death of the debtor, before commencing proceedings to foreclose ?

*Dabney & McCabe*, for appellee.

But little is to be said by us in view of the recent decision by this court in the case of *Robinson* v. *Moore*, 76 Miss., 89. The case of *Kennard* v. *Alston*, 62 Miss., 763, as was very justly said by this court in *Robinson* v. *Moore*, settled the question as to whether § 2748 applied to cases where the cause

of action did not accrue in this state.    The two sections, 3748 and 3754, combined are intended to cover all possible cases where persons liable to be sued in this state may have been absent from and resident out of the state, and these two decisions by the construction put upon these sections, announce a rule which embraces every possible case.    It may be said that the cause of action accrued in this state as soon as the note fell due, because the foreclosure of the mortgage could only be had in this state, but the right to foreclose exists only as long as the claim subsists as a personal liability, since the mortgage is barred when the debt is barred.    A personal decree could not be taken against a nonresident on publication notice, and hence the statute of limitations would not run while this condition existed.    *Cudabac* v. *Strong*, 67 Miss., 705.

The argument that the complainant could have filed her bill to foreclose at any time, and hence the statute ought to have been running all the while, is not sound for an additional reason.    The argument would apply with equal force to a case where an attachment in the circuit court is sued out against a nonresident and levied on his property in the state.    It was held in *Bower* v. *Henshaw*, 56 Miss., 619, that the statute of limitations was suspended notwithstanding.    In other words, that this right of proceeding *in rem* was not an exception to the suspension of the statute during absence from the state.    *Bell* v. *Clark*, 71 Miss., 603; *Weir* v. *Field*, 67 Miss., 292.

In view of the recent decision by this court in the case of *Wright* v. *Mordant*, 77 Miss., 537, we wish to submit a few suggestions to distinguish this case from that one.

1. Here the mortgage is a Mississippi contract, and alone is sought to be enforced.    It cannot be enforced in any other state.

2. The contract was made in Mississippi, where the debtor resided at the time.    If he had continued to reside here until one day after the maturity of the note, no question could have been raised as to the suspension of the statute of limitations for

the balance of the time of his absence, hence we say that the reasoning in the case of *Robinson* v. *Moore, supra,* applies. It would seem extremely technical in such a case not to suspend the statute. The words in the statute, "after any cause of action have accrued in this state," should not be construed to mean after the debt shall have matured, but should be held to mean when the contract was made and was enforceable in this state, whether due or not. This construction is reasonable, and avoids the necessity of holding that the statute is not suspended in case of a long absence, beginning before maturity of the debt, but applying it in case of a short absence, beginning after the maturity of the debt. The word "accrued" does not necessarily mean to become due, but has been often held to mean vested, created, to arise, when used in statutes. *Weber* v. *Harbor Commissioners*, 18 Wall. (U. S.), 57; *Emerson* v. *Steamboat*, 10 Wis., 435; *Adams* v. *Brown*, 4 Litt. (Ky.), 7; *Reid* v. *Reid*, 31 Chy. Div., 402; *Strasser* v. *Staats*, 59 Hun (N. Y.), 145; *Gross* v. *Purtinheimer*, 159 Pa. St., 556. Costs accrue as a case progresses, but are not due until the case is ended. Interest accrues all the time, but is not due until the time fixed by the contract for payment. This construction of the statute we submit is the only reasonable and proper one. It conforms to the decision in *Robinson* v. *Moore*, and does not conflict with any other decision of this state.

3. While the note was made payable in Cincinnati, Ohio, neither of the parties resided in that state, and no reason is known for its being so drawn. It could not have been collected in Ohio by legal proceedings. On the other hand, it could have been collected by foreclosure only in Mississippi.

TERRAL, J., delivered the opinion of the court.

Prior to the code of 1880, time elapsed before one liable to suit came into this state, was not available to him here in support of the plea of the statute of limitations; and if, after he came here he was absent and resided out of the state, the time

78 Miss.—6

of such absence was not to be counted in his favor. Code 1857, art. 13, pp. 400-1; code 1871, § 2157. By the code of 1880 only the last clause or member of the former article or section was preserved, while the first part, denying the benefit of time elapsed before coming here, was dropped, so that the effluxion of time, wherever the defendant was, should be available; and by § 2684, code 1880 (§ 2754, code 1892) the completion of the bar in any jurisdiction of the former residence of the defendant should avail him here. Whereas, by code prior to 1880 time expired elsewhere than here was not available in this jurisdiction in support of the plea of the statute of limitations; by that code (1880) time without regard to place was to be computed in support of the plea. So now, if time enough to bar has expired, it matters not where, the bar is complete and available here, unless some express statutory provision applies to make an exception, and so we held at this term in *Wright* v. *Mordaunt.* A cause of action accrues in this state whenever one has a right of action in this state, and in such case, if the person against whom it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action after his return. In other words, as to actions accrued in this state, the absence and residence out of the state of the party liable thereto, prevents the time of such absence from being computed in his favor as a bar to this action.

In this case a cause of action accrued in this state to do what is sought by this bill to be done, *i. e.*, to enforce the security against the land in this state, and the time of the absence of the debtor out of this jurisdiction is not to be computed as time to bar the claim, for such is the plain provision of § 2748, code 1892.

*The order of the court overruling the demurrer is affirmed, and the case is remanded with leave to the defendants to file an answer within thirty days from the filing of the mandate in the court below.*