## FISHER v. BURK, ET AL.

[86 South. 600.  No. 21241.]

1. LIMITATION OF ACTIONS. *Breach of contract in another state governed by lex fori.*

   Where parties residing in another state make a contract to be performed there, and such contract is breached in such state, and none of said parties have ever lived in Mississippi, the right of action for damages for such breach is barred by the Mississippi statute of limitations, where the suit is brought in the courts of this state.

2. LIMITATION OF ACTIONS. *Attachment on foreign action does not make cause of action accrue in Mississippi.*

   The fact that an attachment is sought under the law of this state to establish a lien upon property situated in this state to enforce the payment of a debt or right of action accruing in another state, does not make the cause of action accrue in this state. *Trotter* v. *Erwin*, 27 Miss. 772, cited.

3. LIMITATION OF ACTIONS. *Statute of Mississippi applies to right of action arising in another state and sued on in Mississippi.*

   Where a right of action arises in another state and suit is brought on such right in this state, when the defendant has never resided in this state, the Mississippi statute of limitations applies.

APPEAL from chancery court of Yazoo county.

HON. L. F. EASTERLING, Chancellor.

Suit by William C. Fisher against Charles A. Burk and another. Separate demurrers to parts of the bill sustained as to all except certain matters, and plaintiff appeals. Affirmed and remanded.

*Housum & Housum,* for appellant.

The chancellor erred in holding that the six years statute of limitations of the state of Mississippi barred the cause of action set up in the bill as amended. (A) Section 3097, chapter 87, Miss. Code, provides: "All actions for which no other period of limitation is prescribed shall

be commenced with in six years next after the cause of such action accrued, and not after.

. In support of the contention that six years statute is a bar, the defendants relied upon three cases, which are *Hunt* v. *Belknap*, 78 Miss. 76, 28 So. 751; *Wright* v. *Mordaunt*, 77 Miss. 537, 27 So. 640; and *Robinson* v. *Moore*, 76 Miss. 89, 23 So. 631.

The appellant here, complainant below, contended that the six year statute did not apply on account of the exception for in another section relating to the nonresidence of the defendants which is section 2748, par. 3108, chapter 87, and is as follows: "If, after any cause of action have accrued in this state, the person against whom it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after his return."

On the facts of this case, barred by section 2754 and the statute of Tennessee as to the other assignment of error, it is sufficient to say that we find no reversible error. Affirmed.

In the case of *Wright* v. *Mordaunt, supra,* the court said as follows: The promissory note sued on was executed in Illinois and payable in Illinois, and both parties resided in that state at the time of its execution and maturity. Its date is July 1, 1892, and it matured September 4, 1892, The law of Illinois does not bar actions on promissory notes until ten years have elasped after maturity. In the spring of 1898 the maker, Mordaunt, took up his residence in Mississippi, and on June 6, 1899, he was sued on the note by the payee, Wright, and pleaded the six years statute of limitations; and, his demurrer to Wright's replication setting up the above facts being sustained, Wright appeals.

"The note was barred when the action was begun. The *lex fori* governs, and the law of this forum is that six years bar an action on a promissory note; and more than six years elapsed after the maturity of this note. The fact

that this period expired in part before the maker became a citizen of this state makes no difference. It is the lapse of time regardless of place, which bars in such cases as this. Section 2737, Code, makes six years a bar. No statute in a case like this makes any exception, to deprive defendant of the right to invoke the lapse of time as a bar. Code, sec. 2748, has no application, for it applies to a cause of action accrued in this state, and deprives an absent party of the right to avail of time expired during his absence. Section 2745 has no application because its sole purpose and effect are to give to one sued in this state the benefit of a bar completed elsewhere. The whole matter is statutory. A statute (Code, Sec. 2737) makes six years a bar. No other statute applicable to the curcumstances of this case creates any exception, or in any way modifies the right of the defendant to inovke the bar of six years given by the general statute. Therefore Mr. Wright's action was barred. *Robinson* v. *Moore,* 76 Miss. 89, 23 So. 631, is of no benefit to appellant, because in that case the right of action accrued in this state. Affirmed.

The chancellor and counsel for the appellees here, where unable to reconcile these three decisions, and were of the opinion that under these three decisions the cause of action was barred by the six years' statute.

It will be noticed in the case of *Wright* v. *Mordaunt, supra,* that the note sued on was executed in Illinois, payable in Illinois, and that both parties resided in that state at the time of its execution and maturity, the note being dated in 1892 and matured in 1892. In the spring of 1898 the maker, Mordaunt, took up his residence in Mississippi, and on June 8, 1899, more than six years after the maturity of the note, he was sued on the note by the payee Wright.

It is apparent that Mordaunt moved to Mississippi in the spring of 1898, before the statute of limitations had run against the note; however, at the time suit was brought he was a resident of Mississippi.

In the case at bar neither Burk nor his wife have ever been residents of Mississippi, and so far as the record discloses, neither one of them has ever been in the state of Mississippi, even for temporary purposes, so that personal service could have been secured upon them. At the time of the commencement of the suit in Illinois, at the time of the execution of the contract in 1908, and down to and including the time of the filing of the original bill in Mississippi in the present suit, Burk and his wife were residents and citizens of the city of Decatur, Macon County, Illinois. During the pendency of the present suit Burk and his wife moved from Illinois to the state of Indiana, as averred in the amended bill of complaint, where they now reside.

Under these circumstances it is respectfully insisted that neither Burk nor his wife can invoke the running of the statute of limitations.

(B) The reason for the exception to the statute preventing a bar from running in the absence of the residents from the state, is that during such absence the plaintiff cannot sue. See case of *French* v. *Davis,* 38 Miss. 218.

(C) And it has been held that the facts that the debtor has property liable to attachment is immaterial; the statute follows the person and not the property of the debtor. *Fisher* v. *Fisher,* 43 Miss. 212.

(D) Neither Burk nor his wife had a residence or home in the state of Mississippi so that service of process might have been had by leaving with a member of their family or posting a notice. *Dent* v. *Jones,* 50 Miss. 265.

(E) The statute applies equally as well where the defendant has not been in the state at all, as where the defendant resided in the state at the time the cause of action accrued and subsequently removed. *Robinson* v. *Moore, supra.*

In the case of *Gentry* v. *Gamblin,* 79 Miss. 437, 28 So. 809, land belonging to the defendant was sold under a trust deed, and the purchaser conveyed it to A, who, at the request of the defendant advanced the amount of the debt,

under an agreement that, if the defendant should pay the debt by a certain time, the land would be reconveyed to him. The defendant failed to make such payment. Held, that he could not plead as a defense to a suit by the grantor of A for the possession of the land, or to be subrogated to the rights of A. That the conveyance from the original purchaser to A was defective.

The bill was filed for the purpose of cancelling any claim of Gamblin's as a cloud on complainant's title, and for writ of possession, or for subrogation to the rights of Lee & Bros. to the amount they paid Quarles & Company and general relief.

(F) The cause of action never accrued in this state until the complainant elected to avail himself of the remedies afforded by the Mississippi laws, and the defendants have seen fit to come in and enter their personal appearances and submit themselves to the jurisdiction of the court, so that for the first time on the filing of this bill the statute of limitations begins to run, so far as any other or further prosecution is now relied upon in the state of Mississippi. We respectfully insist that the chancellor erred in holding that the six years statute of limitations barred the maintenance of this suit.

(G) When does a cause of action accrue or arise within the meaning of the statute of limitations, under section 2748, chapter 87? The statute of limitations section 2748, chapter 87, is as follows: "If, after any cause of action accrues in this state, the person against whom it has accrued be absent from and reside out of the state," etc.

The chancellor seemed to hold that because the complainant might have come to Mississippi at any time during the period of six years and brought the suit and did not do it, therefore he could not maintain the suit on account of the mere lapse of time.

The statutes of limitations in all the states are somewhat similar, and in Illinois, in the appellate court, in the case of *McGuigan* v. *Rolfe*, 80 Ill. App. 256; the Illinois statute of limitations were construed. *David* v. *The*

*Estate of Polhman,* 128 Ill. App. 207; *O'Connell* v. *Lewis,* 104 App. 198.

From these decisions, which are in harmony with the Mississippi decisions, it will be seen that a cause of action on the contract of damages did not arise in Mississippi, so that a personal judgment for damages could be obtained because the defendants were never in Mississippi, were never found in Mississippi. Their property was found in Mississippi and attached. The cause of action accrued whenever the complainant saw fit to go to Mississippi to enforce his remedy against the Mississippi land and not before. And after the attachment in this case was levied and the *lis pendens* notice filed, the defendants came in and appeared personally by filing demurrer to the original bill. Then the court for the first time obtained jurisdiction of their presence, a personal decree might be rendered.

As heretofore stated, we respectfully insist the chancellor erred in sustaining the demurrer to the amended bill on the ground of the six years statute of limitations.

*Campbell & Campbell,* for appellant.

In the beginning we wish to say, that we do not think that the statute of ten years in Illinois has any applicability to the case under consideration.

First: Because the bill filed in this case was filed on December 3, 1918, and was not barred by the ten years statute of limitation of Illinois, when filed. The amendment to the original bill does not change the character of the original bill in the least, but simply sets up in detail and fully the litigation between Fisher and Burk in the state of Illinois. Therefore the statute of limitation would date from the filing of the original bill.

Second: Because the statute in a foreign state does not apply in this state, unless the defendant moves from the foreign state into this state. See section 3114 of the Code

of 1906, and section 2478 of Hemingway's Code. We think this disposes entirely of the question of the ten years' statute of limitation in Illinois.

### As To The Six Years Statute of Limitation in Mississippi.

We wish to say that in our opinion the case of *Bower* v. *Henshaw et al.*, 56 Miss. 619, and the case of *Hunt* v. *Belknap*, 78 Miss. 76, and the case of *Robinson* v. *Moore*, 76 Miss. 89. settles the question that the six years' statute of limitation of Mississippi, does not apply in the instant case.

The case of *Bower* v. *Henshaw et al.*, *supra*, was an attachment at law commenced in 1873, on an open account dated in 1861, the defendant plead the statute of limitation; both parties were nonresidents of the state of Mississippi.

Judge CAMPBELL in rendering the opinion in this case said: "The demurrer to the replication to the plea of the statute of limitation was properly overruled. *Trotter* v. *Erwin*, 27 Miss. 272; *Fisher* v. *Fisher*, 43 Miss. 212. There is no distinction between an attachment by a nonresident debtor and an attachment by a resident creditor against such debtor."

Section 2157, of the Code of 1871 reads as follows: "If, at the time when any cause of action mentioned in this chapter shall accrue against any person, he shall be out of the state, the action may be commenced within the time herein limited therefor after such person shall have come into the state and if, after any cause of action shall have accrued, the person against whom it has accrued shall be absent from, and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action."

This was amended by the Code of 1880, section 2378, so as to read as follows: "If after any cause of action shall

have accrued in this state the person against whom it has accrued shall be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action after his return."

This section of the Code of 1880 was brought forward in the Code of 1892, and the Code of 1906, and is the statute applicable to the case under consideration. We construe the Code of 1880 and 1871 as meaning exactly the same thing.

It is true that the Code of 1880 amends the Code of 1871 by inserting after the word "accrued" the words: "In this state," but we construe the Code of 1871 to mean accrued in this state as it could not mean anything else. So that the amendment of the Code of 1880 did not effect or change the meaning of the Code of 1871 one iota. If we are correct in this, the case of *Bower* v. *Henshaw et al., supra,* absolutely controls the instant case. The case of *Hunt* v. *Belknap,* 78 Miss. 76, was a suit to foreclose a mortgage given by Hunt and wife securing a note for twelve thousand dollars payable in Cincinnati, Ohio, five years after date.

Hunt and wife moved to North Dakota in the latter part of the year of 1883 before the note matured and never afterwards resided in this state. Suit was filed in this state to foreclose the mortgage long after the note was barred by the six years statute of limitation, about ten years.

We wish to call the court's attention to the fact that in the Belknap case more than six years elapsed from maturity of the note, about ten years, before the bill was filed in the state of Mississippi to foreclose the trust deed or mortgage securing the same, yet, the supreme court held that the exception of the statute applied, and that Belknap was not barred to foreclose this trust deed for the reason that Hunt had resided out of the state and had al-

ways remained out of the state since maturity of the
note.

*Hunt* v. *Belknap* was a proceeding *in rem* to foreclose a
mortgage lien. In the instant case it is a proceeding *in
rem* to acquire a lien on the property of Burk in this
State. We see no difference in the two cases.

In order to affirm the chancellor in this case the court
must overrule the cases of *Bower* v. *Henshaw*, 56 Miss.
*supra*, and the case of *Hunt* v. *Belknap*, 78 Miss., *supra*,
and we also think the case of *Robinson* v. *Moore*, 76
Miss. —.

In the case of *Hunt* v. *Belknap*, the court seemed to hold,
that the cause of action accrued in the state of Mississippi,
Whenever proceedings were commenced in Mississippi to
foreclose a mortgage, so in the instant case, we think that
the cause of action accrued in the state of Mississippi,
when the proceedings were commenced to acquire a lien
on the property of Burk. But certainly no cause of ac-
tion accrued in this case in Mississippi until it was defi-
nitely determined that Burk had title to the Mississippi
land, and, this was not definitely determined until the
final decision of the supreme court of Illinois, until the
21st day of October, 1918. See page 52 of record.

Was the interest of Burk in the Mississippi land a con-
tingent and uncertain one until made certain by the de-
cision of the supreme court of Illinois? See *Swing* v.
*Brister*, 87 Miss. 516, on page 530. In the opinion of the
court, Judge Whitfield says: "The appellees contend, in
the second place that the suit was barred by the statute
of limitations, because the declaration shows that the
corporation was adjudged insolvent in December, 1890.
But the complete answer to this is that the liability of the
defendants was properly a contingent liability until it was
made an absolute liability by the judgment of the supreme
court of Ohio, above referred to. Until that judgment
turned the contingency unto a certainty, the appellant had
no right to sue. Therefore, the statute of limitations did

not begin until such contingent liability had been made an absolute one by said judgment."

We earnestly insist that the demurrer should have been overruled because the six-years statute of limitation did not run on account of the nonresidence of both complainant and defendant.

*Mayes & Potter,* for appellant.

The Illinois statute of limitations of ten years cannot apply; Section 3114 of the Code of 1906, section 2478 of the Hemingway Code providing as follows: "When a cause of action has accrued in some other state or in a foreign country and by the law of such state or country, or of some other state or country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state."

The only instance in which this statute applies is when the party against whom the action is held subsequently resides in this state, and the cause of action is brought into the state and attempted to be enforced against him while he is a resident of the state. In other words before this state can be invoked at all the party against whom the cause of action is sought to be asserted must have resided in the state.

In the case of *Louisville & Nashville R. R. Co.* v. *Poole,* 72 Miss. 487, a suit was bought by Poole against the railroad company to recover sixty-eight dollars for the negligent killing of certain stock of Poole's. The testimony tended to show that the damage occurred in the state of Alabama, and that in that state after six months, suit could not be brought on such a cause of action. More than six months had elapsed before Poole brought his suit. The railroad company set up the Alabama six months statute of limitation as a bar to Poole's suit and the court in response to this contention held that the statute did not apply and said: "This section has in view the case

of a nonresident, protected by the bar of the statute of limitations of the state or country in which he has resided against a cause of action there arising, who afterwards moves into this state."

In the case of *Robinson* v. *Moore,* 76 Miss. 89, the court again holds that the statute does not apply if the defendant has never resided in the state. See, also, *Kennard* v. *Alston,* 62 Miss. 763, and *Wright* v. *Mordaunt,* 77 Miss. 537. The above authorities make it clear that section 3114, Code of 1906, has no application as the parties never resided in this state.

The next statute we consider is section 3108, Code of 1906. This statute is as follows, viz.: "If after any cause of action have accrued in this state, the person against whom it has accrued be absent from or reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after his return.

If this cause of action accrued in this state, then there can be no doubt but that this section applies, and that by it this cause of action is kept alive as long as the defendant keeps out of the state, and as the pleadings show that he was when the suit was instituted, and had always been a nonresident, then this suit can be maintained and no statute of limitations cuts off the right to suit.

A cause of action accrues in a state when jurisdiction exists in the courts of the state to adjudicate between the parties on a particular cause of action. See 17 R. C. L. page 692, sec. 41. This cause of action accrued in this state, when and only when, jurisdiction existed in the courts of this state to subject this property to the claim propounded by Fisher on this particular cause of action asserted by Fisher against Burk, as damages for the breach of this contract. The property sought to be subjected to this debt lies in the state of Mississippi, and our law affords a remedy by which this property may be reached and subjected to this debt. In other words it gives a cause of action to recover the debt here, by virtue

of an attachment, and this being the cause, a cause of action arises in this state.

In the case of *Hunt* v. *Belknap,* our court has said that: "A cause of action accrues in this state whenever one has a right of action in this state and in such case, if the person against whom it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action after his return."

In the case of *Hunt* v. *Belknap, supra,* it was undertaken to be done exactly what we seek to do here, to enforce a claim against property in this state. The right to do this is a right of action in this state; it is a cause of action accruing in this state, within ·the meaning of section 3108. The defendant in this case has never resided in the state of Mississippi, but our court in the case of *Robinson* v. *Moore,* 76 Miss. 89, held that section 3108 applied to such a case and kept alive the cause of action even though the defendant never resided in the state.

The court said: "Code 1892, section 2748, excepting from the operation of the statute of limitations the time during which the defendant was absent from and resident out of the state, applies when the defendant has not been in the state at all, as well as when the defendant resided here at the time the cause of action accrued and subsequently removed." Our laws gave a right of action to attach this property in this state. *Hunt* v. *Belknap* says that a cause of action accrues in this state when one has a right of action in this state. Section 3108 excepts from any bar by statute of limitations of such actions as long as the party against whom it is held is out of the state.

It seems to us perfectly plain that this cause of action is not barred. See, also, *Kennard* v. *Alston,* 62 Miss. 763. If a cause of action accrues in this state whenever one has a right of action in the state so as to prevent the statute of limitations from running, we naturally inquire what is meant by a right of action. In the cases of *Broody* v. *Watson,* 9 Atlantic, 794, and *Hubbard* v. *Clark,* 56 N. H.

162, a right of action is defined to be a right to commence and maintain an action. A right of action is what the words signify; a right to go into a court and maintain a suit.

Now the case of *Wright* v. *Mordaunt,* 77 Miss. 537, is not in conflict with our contention, nor is it any authority to be appealed to in this case. In the *Wright* v. *Mordaunt case* the suit was based upon a promissory note made in Illinois. No right of action existed in this state until the defendant came into the state, and when he once came here he stayed in the state until the note was barred by the Mississippi statute of limitations, and was never out of the state after he came here, and until suit. Before any right of action existed in this state the note was barred, the defendant owned no property here giving the basis of a right of action and making any cause of action accrue here. The defendant never moved into the state until the bar of the statute was complete.

"The whole matter is statutory. A statute code, section 2737, makes six years a bar, and no other statute under the circumstances of this case creates any exception, or in any way modifies the right of the defendant to invoke the bar of six years given by the general statute. Therefore, Mr. Wright's action was barred. *Robinson* v. *Moore,* 76 Miss. 89, is of no benefit to appellant because in that case the right of action accrued in this state.

The court will note that in the above case the court distinguishes the case of *Robinson* v. *Moore,* 76 Miss. 89, and draws the same distinction that we draw, viz.; that in the case on trial the right of action accrued in the state of Mississippi.

We see that the statute of limitations of this state protects residents of this state. It does not extend its provisions to those who do not and never have resided in this state. Parties living in other states may have their obligations, and they may effectively set up the statute of limitations against those obligations when the time has run against them in the state in which they reside, or in this

state, if they subsequently remove here, although the cause of action may have accrued in another state; but when neither party has resided in this state and the debtor owns property here, the creditor may subject that property to his debt at any time by attachment without being barred by any statute of limitations. In fact, no statute applies as we have already stated. The legislature of this state has full jurisdiction as to property which lies within the state, and may determine under what circumstances it may be subjected to the payment of debts without reference to the laws of other states. The legislature may pass laws for the protection of the property rights of citizens, or residents of this state, which have no application to nonresidents; and the legislature may determine that nonresidents who own property in this state may have that property subjected to debts made in other states, or subjected to causes of action accruing in other states and which may be barred in the states in which they have accrued. In other words this state is not bound by the statute of limitations of other states, except where it chooses to be. See case of *Connecticut Valley Lumber Co.* v. *Maine Central Ry.*, 103 Atlantic, 263, 264.

In the case of *Fisher* v. *Fisher*, 43 Miss. 212, this court held that the fact that the debtor had property in this state subject to attachment does not affect the fact that the statute does not apply as the statute follows the person and not the property of the debtor.

We have shown from the authorities cited that a right of action accrued in this state and that where both parties are nonresidents, and have never resided within the state, no bar of the statute denies to any nonresident the right to come into this state and attach the property of another nonresident.

*E. L. Brown* and *Barbour & Henry,* for appellee.

There is no occasion to get in a maze of authority on the application and construction of section 3097, Code of 1906.

Its provisions are perfectly plain: All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of action acrued, and not after.

If we consider this section alone, any action within its provision is barred by the mere lapse of time, regardless of the place of its accrual, the residence of the defendant or the plaintiff, or where the defendant may perambulate. It says nothing about whether the cause of action accrued in this state or some other state; and says nothing about absence from the state after its accrual. If where it accrued, or the residence of the defendant, or the absence of the defendant from this state, or his return to this state, has anything to do with this case, it must be found from a consideration of some other section.

The only other section which has been suggested as having anything to bear upon the question is section 3108, which reads: "If after any cause of action have accrued in this state, the person against whom it has accrued, be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after his return.

The section, *ex vitermini*, is limited to the cause of action which accrued in this state; and the use of the phrase after his return, makes it certain that by the use of accrued in this state, the statute contemplated the presence of the defendant in this state at the time of its accrual. But the defendant never came to this state, and has never been in this state, and the cause of action never had any *situs*, in this state; and Burk has never returned to this state, and is not now here.

Suppose at the time of the breach of the contract, Burk, as was the case, lived in Illinois. Of course the cause of action there immediately accrued. Suppose, ten years thereafter he moved to this state, could any lawyer conceive the idea that it reaccrued, by the mere fact of his appearance in this state? If so, should he, ten years later move to California, it would reaccrue there, and so on *ad*

*infinitim.* The idea is preposterous, so preposterous as that counsel fall upon another equally as preposterous—but not quite so transparently so, because of a confusion of the meaning of legal phraseology.

They confuse the idea of cause of action, with that of action founded on a cause of action. In their conception, the action for enforcement of a cause of action is synonymous with cause of action. The incongruous conception ignores the difference between the action and the facts upon which the action is founded. It makes the right, the equivalent of the remedy for its enforcement. The right is one thing, and the remedy a totally different thing. The right to maintain an action is founded on the breach of duty by the defendant, and the action is simply a suitable remedy for the vindication of the right.

It seems so absurd that eminent counsel should have fallen into such an incongruous notion, we take the trouble to quote their brief to demonstrate it. They quote from 17 R. C. L. 692, saying a cause of action accrues in a state, when jurisdiction exists in its courts to adjudicate between the parties on a particular cause of action, and immediately apply that question thus. The property sought to be subjected to the debt lies in Mississippi, and our law affords a remedy by which this property may be reached and subject to this debt. In other words, it gives a cause of action to recover the debt here, by virtue of an attachment, and this being the case, a cause of action arises in this state.

This can mean nothing, except that the remedy by attachment is a cause of action; whereas, the remedy by attachment is something that exists, because a cause of action has accrued to the party plaintiff. The crude idea would destroy the maxim, "there is no right without a remedy." A litigant has a remedy, because he has a cause of action; he does not have a cause of action, because he has a remedy. He maintains his action, because he has a cause of action and does not have a cause of action because he maintains a remedy.

A cause of action is the facts out of which the rights to maintain action grows. When jurisdiction exists in the courts of a state to adjudicate between parties, as used in 17 R. C. L. 692, cited by counsel opposite, is defined by the cases cited in its support, as meaning when the courts have jurisdiction of the person of the defendant. *Brewer* v. *Martin,* 123 A. S. R. 172; *Lewis* v. *Hyams,* 99 A. S. R. 677; *Fremudt* v. *Hahn,* 85 A. S. R. 939.

These same cases afford ample illustration and demonstration of the meaning, in statutes of limitation, of the phrase, when a cause of action has accrued in this state or arisen in this state as the case may be, and show that the cause of action arises where the defendant is, at the time of his breach of duty, and at the place where the action might be maintained, against him in person. The quotation used by counsel, from 17 R. C. L. 692, in the light of the language quoted and the authorities cited in its support, destroys their contention. When a cause of action accrues in this state, and the defendant absents himself therefrom, the time provided for shall be computed by eliminating that of his absence and adding that after his return and that before his absence. That is what 3108 means.

Pomeroy's Code Remedies, section 347, says: "Every judicial action must involve the following elements; a primary right possessed by the plaintiff, and a corresponding primary duty devolving upon the defendant a delict or wrong done by the defendant which consisted in a breach of such primary right and duty. Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term, and as it is used in the Codes of the several states, they are the legal cause or foundation, whence the right of action springs."

Here Burk owed to Fisher the duty to reconvey the lands, or sell them. Having failed to do either, a cause of action accrued to Fisher, immediately upon such failure, in the state of Illinois where both resides, and where

performance was to be had. There is no room for the application of section 3108, as the cause of action did not accrue in this state, and there is no room for talking about time, after his return to this state. The mere lapse of time, under section 3097, barred the action because the statute was not tolled under section 3109. See *Cox* v. *Mortgage Company*, 40 So. 739, by this court.

In *Wright* v. *Mordaunt, supra*, the note sued on was executed in Illinois, payable in Illinois, and both parties resided in that state, at the time of its maturity. The notes matured September, 1892; the maker took up his residence here in the spring of 1898; and the action was instituted June, 1899. The action was held to be barred. It was a personal action, on a promise, as is this one, and the case is decisive. The court said:

"The fact that this period (six years) expired in part before the maker became a citizen of this state makes no difference. It is the lapse of time, regardless of place which bars in such cases as this. No statute, in a case like this, makes any exception to deprive the defendant of the right to invoke the lapse of time as a bar. Section 2748 has no application, for it applies to a cause of action accrued in this state. Section 2754, has no application, because its sole purpose and effect are to give to one sued in this state the benefit of a bar completed elsewhere. *Robinson* v. *Moore*, 76 Miss. 89, is of no benefit to appellant, because in that case, the cause of action accrued in this state."

If counsel could possibly be correct in their assertion that, the instant the contract was breached in Illinois, a cause of action accrued here, because an attachment in chancery or at law was available to them, thus destroying the difference between a cause of action and a remedy for its enforcement, the concession would destroy them, because in *Lindenmayer* v. *Guest*, 70 Miss. 693, it was held that the action to recover land was barred, although the defendant was absent from the state, for the reason that he might have been sued by process upon his tenant, in

an action of ejectment which was *in rem.* See the reference to this case, in *Bereford* v. *Marble,* 95 Miss. 465, and in *Robinson* v. *Moon,* 76 Miss. 100. Of course, however, there cannot possibly be any plausibility attached to any idea that a cause of action might exist in a state, simply because there was then available a remedy for one existing and accruing in another state. It can't be possible that the court could hold that, the instant the breach accrued in Illinois, a cause of action accrued to Fisher in every state on the globe, provided only Burk had property there, and its laws provided a remedy by attachment, as the contention of counsel would imply.

Unless section 3114 is to be so construed as to make this state the dumping ground for stale claims arising in other states, the actions being barred by the law of Illinois bars it here. It is monstrous to conceive that under this section two residents of that state may let their controversy become there barred, and then one of them may come here and sue the other. It cannot be that the legislature meant to say that, if the doors of your courts, Mr. nonresident, at any time become shut to you on account of the lapse of time, you may come here, simply for the purpose of litigating, and the doors of our courts shall be open to you. True, we prescribe much shorter periods during which our own citizens may sue and be sued than do the laws of your state, six years on a promissory note as against ten. But come right along with your stale claims, even fifty years shall not bar you, provided, of course neither of you has ever become a citizen of this state. In *Wright* v. *Mordaunt,* 77 Miss. 537, the court said that time, not place, was what created the bar, and that it was immaterial whether the defendant was a resident of the state at all.

The sole purpose and effect of the statute being to give to one sued in this state, the benefit of a bar complete elsewhere. We do not have to resort to this as section 3097 fully covers the action and section 3108 has no application because the action did not accrue in this state, so that the absence of the defendant could toll the statute.

ETHRIDGE, J., delivered the opinion of the court.

Appellant filed a bill in the chancery court of Yazoo county, alleging that on and prior to the 26th day of March, 1908, he was the owner in fee simple of six hundred acres of land in Yazoo county, Miss.; that on the said date he entered into a contract with the appellees for the exchange of said lands for certain lands situated in the state of Illinois; that in said exchange the lands in Yazoo county were valued at seven thousand five hundred dollars, and the land in Illinois was valued at sixteen thousand dollars, less an incumbrance of five thousand five hundred dollars, which incumbrance the appellant assumed, and in addition to assuming the same, was to pay three thousand dollars in cash or by note for six months at six per cent. interest.

It is further alleged that both parties were citizens of the state of Illinois, and that said contract was made in the state of Illinois, and was to be performed there, and that neither of said parties since said time had ever been domiciled in the state of Mississippi. Burk was to level up the foundation and floors of the house on the land situated in Illinois, and to make certain repairs thereon. In addition to the considerations named Burk agreed to make a deal for the appellant within six months to sell the Illinois land for the appellant for sixteen thousand dollars without commission, or, in default of making such deal in said time, to give the appellant the option of trading back on the same basis as stipulated in the contract. In pursuance of said agreement abstracts of title were furnished and deeds exchanged. It was discovered that the incumbrance on the Illinois land was five thousand four hundred dollars instead of five thousand five hundred, and the appellant paid three thousand one hundred dollars, instead of three thousand dollars by executed note in accordance with the agreement, which note was afterwards paid.

Burk did not procure a purchaser within the six months, nor within any time thereafter, and suit was brought on the chancery side of the circuit court in Illinois for specific performance of the contract to reconvey. The complainant alleged that he tendered a conveyance to the defendant, and also tendered a deed to be signed by the defendant and his wife, reconveying the Mississippi lands to the appellant, demanded the execution of the said deed and the repayment of the cash money so paid, which deed the defendant refused to execute. The suit in Illinois was referred to a master for an accounting and report as to law and fact, and the master reported that the equities were with the defendant in the said suit, and recommended that the bill be dismissed. Exceptions were filed to the master's report, and the judge of the said court sustained the exceptions, overruling the master's report, and entered a decree for the complainant, from which an appeal was prosecuted to the supreme court of Illinois, where the cause was reversed and mandate issued, directing the court below to dismiss the bill, which was done by a decree, reciting that the equities were with the defendant. Thereupon the complainant in said suit prepared an amended bill, and asked leave to have same filed, which the court refused to permit. From this decree an appeal was prosecuted to the supreme court of Illinois, and the judgment of the court, refusing to permit the filing of the amended bill, was affirmed. This litigation in Illinois began in the year 1910, and continued until the year 1918.

The bill further alleges that Burk misrepresented the incumbrance upon the land in Illinois which he traded to appellant, in that he represented to the appellant that the mortgage was held by one party, and that such party had agreed to an extension of at least twelve months for the payment of said debt, whereas in truth it is alleged the incumbrance was owing to several different parties in different amounts; and that said parties refused to grant an extension, but demanded the money when due, and that he was compelled to and did execute a mortgage, in

order to procure the money with which to pay the said indebtedness, to another party named in the bill, which said mortgage matured on the 30th day of September, 1916, and plaintiff, being unable to renew said mortgage without payment of excessive commissions, sold and conveyed the premises situated in Illinois to one Callahan by warranty deed on the 15th day of December, 1916, for the consideration of the assumption of the said incumbrance of five thousand four hundred dollars, and the additional sum of two thousand two hundred dollars which is alleged to be a fair and reasonable price for the equity of the complainant.

It further alleges that on account of the failure of the defendant Burk to comply with the conditions of his contract complainant was compelled to pay out sums of money set forth in the pleading. It is further alleged that the contract between Burk and the appellant was procured through fraudulent representations as to the value of the Illinois property and as to the amount it was being rented for per acre.

This bill was filed in Mississippi at the December, 1918, term of the chancery court at Yazoo county, for the damages alleged to have accrued to the complainant by reason of the refusal of the appellee to reconvey the land in accordance with the contract, and an attachment was prayed in chancery against the property situated in Mississippi conveyed by the appellant to Burk, which attachment was duly issued. The bill so filed was demurred to by the defendant on the ground that the bill showed on its face that the action was barred by the six-year statute of limitation of Mississippi, which demurrer was sustained, but on application permission was granted to file an amended bill. The amended bill set forth the allegations of the original bill, but, in addition thereto, contained averments that the complainant had paid certain taxes on the Mississippi land for 1915, 1916, and for cancellation of tax deed for 1916, and for taxes on the Illinois land from 1913 to 1916.

The amended bill was demurred to on the ground: (1) That the right of action was barred by the six-year statute of the state of Mississippi; (2) that it was barred by the limitation of the ten-year statute of Illinois where the cause of action accrued; (3) that the amended bill shows on its face that the matters complained of had been litigated to final decree in the courts of Illinois, which is alleged to have constituted *res adjudicata* of the subject-matter of the litigation; (4) that the filing of the bill in Illinois constituted an election of remedies which bound the complainant. The chancellor overruled the demurrer because he was of the opinion that the complainant had a right to recover the taxes paid on the Mississippi lands. Thereupon demurrers were filed to the parts of the bill separately, and were sustained as to all matters except the payment of taxes, and from this decree, sustaining the said demurrer as other features of the bill, the chancellor granted an appeal to this court to settle the principles of the case.

The first question presented for decision is the question as to whether the plaintiff's right of action was barred by the six-year statute of limitation of the state of Mississippi. Section 3097, Code 1906 (Hemingway's Code, section 2461) reads as follows:

"All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued and not after."

Section 3108, Code of 1906 (Hemingway's Code, section 2472) reads as follows:

"If, after any cause of action have accrued in this state, the person against whom it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after his return."

The cases of *Bower* v. *Henshaw et al.*, 56 Miss. 619; *Robinson* v. *Moore*, 76 Miss. 89, 23 So. 631, and *Hunt* v. *Belknap*, 78 Miss. 76, 28 So. 751, are relied upon by the appellant to sustain his position that the six-year statute

of Mississippi does not bar right of action, while the case of *Wright* v. *Mordaunt,* 77 Miss. 537, 27 So. 640, 78 Am. St. Rep. 536, is relied upon by the appellees to sustain their contention. It will be noted from the statement of the case that neither the appellant nor the appellees have ever lived or resided in the state of Mississippi.

Prior to the Code of 1880, the statute bearing on absence from the state read as follows:

"If, at the time when any cause of action mentioned in this chapter, shall accrue against any person, he shall be out of the state, the action may be commenced within the time herein limited therefor, after such person shall have come into the state; and if, after any cause of action shall have accrued, the person against whom it has accrued shall be absent from, and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action." Section 2157, Code of 1871.

This was the statute in force when the case of *Bower* v. *Henshaw, supra,* was decided. It will be observed from a reading of this statute and a reading of the present statute above set out that there was a material change in the verbiage of the statute and now the statute reads, "If, after any cause of action have accrued in this state." Did the present cause of action accrue in this state when all the parties to the contract reside, and have always resided, in the state of Illinois, and the contract was to be performed there? We think not. We think the cause of action accrued in the state of Illinois, and that the mere bringing of the suit in this state, seeking to establish a lien on property within this state, does not make the cause of action one accruing within this state. The cause of action is one thing, and the remedy to enforce the action is another and different thing.

In the case of *Hunt* v. *Belknap,* 78 Miss. 77, 28 So. 751, the action was sustained on the theory that the mortgage conferred a right of action in this state, and our decisions make a distinction between a suit to foreclose a mort-

gage and one merely to enforce the payment of the debt and to charge the property situated in this state with a lien for that purpose.

The case of *Trotter* v. *Erwin,* 27 Miss. 772, draws a distinction between a mortgage and a vendor's lien. In the headnotes to this case it is said:

"The statute of limitations which would bar a debt secured by mortgage will not bar the remedy upon the mortgage, because the mortgage has a legal import more extensive than the mere evidence of the debt.

"The mortgage in its form is separate and distinct from the debt, and is an additional and more solemn acknowledgment of and security for the debt. Held, that none of these characteristics appertain to the vendor's lien for unpaid purchase money.

"The vendor's lien consists solely in debt, having no form apart from it, and has been held to be capable of being enforced against a vendee and subpurchaser with notice by analogy to a mortgage, and upon the general equitable principle that the purchaser should not be entitled to the land until he has paid for it. . . .

"The vendor's lien is not a mortgage, but it has merely the incidents of a mortgage, being enforceable in equity against the property subject to the vendors equitable claim; but it consists solely in debt, and must be subject to all the incidents of the debt, and cannot be enforced when the debt cannot be."

In *Hunt* v. *Belknap, supra,* the court recognized the effect of the change of language from the Code of 1871 to the Code of 1880 which latter section is brought forward in our present Code of 1906.

In *Wright* v. *Mordaunt,* 77 Miss. 537, 27 So. 640, 78 Am. St. Rep. 536, it was held that the *lex fori* governs in cases like this one, where the parties resided out of the state and where the contract was made to be performed in another state, and that the six-year limitation of this state barred a suit on a promissory note made in the state of Illinois, where the statute of limitations was ten years,

instead of six, although both the maker and the payee resided in another state at the time of the execution of the note, and the maker did not become a residence of this state until nearly six years after the maturity of the note. In our view, this case is precisely in point. It was there held that the time which ran against the note in a foreign state would be counted when computing the period under our statute. The only difference in the two cases is in the present case the defendants have never come into the state of Mississippi for the purpose of residence.

In the case of *Robinson* v. *Moore,* 76 Miss 89, 23 So. 631, it was held that the provisions of our statute, which provides, where a cause of action is barred in another state, it is barred here, has no application if the defendant has never resided in this state.

It is argued in the case before us that, this being true, the ten-year statute of Illinois applies in the present case, and that the ten-years had not expired, and therefore the right of action was not barred in this state.

Our court has held, not only in the case of *Wright* v. *Mordaunt, supra,* that the *lex fori* governs, but in the early decisions of our state, in the case of *Hamilton* v. *Cooper,* Walker, 542, 12 Am. Dec. 588, the doctrine was laid down that the statute of limitation of another state cannot be pleaded in bar here, but the courts will confine themselves to their own statutes. The same doctrine was announced in *Fears* v. *Sykes,* 35 Miss. 633.

The statute (section 3114, Code of 1906; Hemingway's Code, section 2478), which provides that, when a cause of action has accrued in some other state or in a foreign country and by the law of such state or country, or of some other state or country where the defendant has resided before he resided in this state, an action cannot be maintained by reason of a lapse of time, then no action shall be maintained here. It was held by this court in *L. & N. R.* v. *Pool,* 72 Miss. 487, 16 So. 753, that the statute applies only where the nonresident in whose favor the

statute had accrued afterwards removed to this state. This was reaffirmed in *Robinson* v. *Moore, supra.*

There is no cross-appeal from the action of the chancellor in holding that the complainant was entitled to recover for the taxes paid by him on the Mississippi land after the conveyance to the appellees, and we do not decide that proposition. We deem it also unnecessary, in view of what we have said, to determine whether the suit in Illinois was *res adjudicata* as the right of action, if any exists, is barred by the Mississippi statutes of limitations.

*Affirmed and remanded.*