AMERICAN SURETY CO. *v.* CITY OF HOLLY SPRINGS.

1. CIRCUIT COURTS. *Jurisdiction. Venue. Code* 1892, § 650.

   Under code 1892, § 650, providing for the venue of civil actions in the circuit courts, such actions must be brought in the circuit court of the county where the defendant, or some one of them if there be several, may be found.

2. SAME. *Foreign surety companies. Laws* 1894, *p.* 52.

   The act of 1894 (Laws 1894, chapter 64, p. 52) authorizing foreign surety companies to do business in this state, does not create an exception to the rule embodied in said code section (code 1892, § 650), and such a company can be sued only in the circuit court of a county in which it has an agent upon whom process can there be served.

3. SAME.

   The circuit court of Marshall county is without jurisdiction of a suit against a foreign surety company doing business in this state the summons in which, under said act of 1894, was served only on the secretary of state in Hinds county.

FROM the circuit court of Marshall county.

HON. Z. M. STEPHENS, Judge.

The city of Holly Springs, the appellee, was the plaintiff in the court below; the American Surety Company, the appellant, was defendant there.

The facts are stated in the opinion of the court.

*Finley & Finley* and *Cooper & Waddell,* for appellant.

The act of February 10, 1894, by its third section, provides that all surety companies doing business in the state of Mississippi shall appoint, in writing, the secretary of state as the attorney of such company, in and for the state, upon whom all lawful process in actions or proceedings against the company may be served with the same effect as if the company existed

in this state. This power of attorney, it is provided, "shall stipulate and agree, on the part of the company, that any lawful process against the company which is served on said attorney, shall be of the same legal force and validity as if served on the company," etc.

We concede that the service in this case was just as effectual as though it had been served by the sheriff in Hinds county on the company in said county, but of course that is not more effectual than service would have been if served in that county upon the company itself. If we are correct in this concession and claim, it is manifest, under repeated decisions in this court, that the circuit court of Marshall county had no jurisdiction to render a judgment, in the cause. The venue of actions in the state of Mississippi is not controlled by the common law rule, but is governed exclusively by state statutes. *Oliver* v. *Loye,* 59 Miss., 320.

The venue of civil actions other than those affecting land or injuries thereto, and other than certain statutory proceedings, to which we need not advert, is controlled by §§ 650, 652 and 3419 of the code.

We hardly think that the appellee will contend that the writ served upon the secretary of state was a testatum writ. In *Andrews* v. *Powell,* 41 Miss., 729, it was sought to uphold the jurisdiction of the court by treating an original writ as a testatum writ, issued under the statute, which is now § 3419 of the code. But the court there held that the writ was not a testatum writ, because it did not recite that process had issued to Monroe county, and that a return "not found" had been made upon it, the court there saying that if a return of that sort had been made the court must have been "satisfied by testimony, after commencement of the suit, that the defendant had gone into another county," before a testatum writ could issue. This case on this proposition falls precisely within the case of *Andrews* v. *Powell,* supra.

To the same effect is the *Bank of Vicksburg* v. *Jennings,* 5 How. (Miss.), 425. That the court was without jurisdiction is distinctly settled by the following decisions: *Wolley* v. *Bowie,* 41 Miss., 553; *Andrews* v. *Powell,* 41 Miss., 729; *Pate* v. *Taylor,* 66 Miss., 97; *Campbell* v. *Triplett,* 74 Miss., 365.

*Mayes & Harris,* for appellee.

The appellant's contention is that because none of the defendants were found and served in Marshall county, where the suit was brought, therefore the court was without jurisdiction, under the rule laid down in the case of *Wolley* v. *Bowie,* 41 Miss., 553.

The fallacy in appellant's position consists in the assumption that this case, which is extraordinary in its character, and the conditions out of which it arises are of recent origin, is to be controlled by the ordinary rules in respect to venue applicable to natural citizens and residents of the state.

The defendant was a foreign guarantee company which had its standing in this state and its right to do business in this state by virtue of chapter 64, laws of 1894, page 52, alone.

That statute is the law of its being in this state; it is the law of its liability to suit; and although it may not make express provision for the subject of venue, it does so by general intendment and necessary implication.

There is this further to note: The very nature of the defendant is that it is a surety company; the very purpose of its admission to the state is that it shall become surety; which means that the very nature of the defendant, and the very purpose of its admission to the state, are that in suits brought on its engagements it shall appear as a surety, occupying a secondary relation thereto, and having a principal. The manifest intendment of the statute is that the figure which it is to make in the courts as a party litigant, when it shall be sued on its contracts, is that of a person secondarily liable, with the principal primarily liable.

The statute provides as a condition precedent to its right to come into the state, that it shall appoint the secretary of state as its attorney in this state, upon whom all lawful process in any action or proceeding may be served with the same effect as if the company existed in this state. It was not intended to locate the company in this state in any other way. The express provision of the statute is a recognition of the fact that the company does not exist in this state, for its language is that such process may be served with the same effect as if the company existed in this state.

When we consider the entire purpose of this statute, its scope and object, it is manifest that what the legislature intended was that this company,—being admitted as a guaranty company to become surety on the bonds of any persons or corporations or officers who were required, under the law, to execute bonds, should be considered *pro hac vice* located within the territory (county, municipality, or what not) in which the work was to be carried on under the bond given by it. The guaranty company, under this statute, is not located at Jackson, or in Hinds county. The simple provision that the secretary of state should be made its attorney by it, to receive service or process, does not locate it so. The mere position of the secretary of state's office in the capitol at Jackson does not locate him in his official capacity at Jackson. He is a state officer, and in his official capacity his jurisdiction and residence is coextensive with the state. It was not Power, the individual, who was made the attorney, but it was the secretary of state in his official capacity, who is everywhere in the state.

Moreover, if it were a natural person who was required to be made the attorney, the residence of the attorney does not constitute or fix the residence of his principal. They may be two entirely distinct things; and because the attorney is found in a certain county, it does not follow that his principal is found there.

There is such a thing as constructive location of litigious rights. It has been so expressly decided in this state. *Jahier v. Rascoe,* 62 Miss., 699.

This statute was intended to locate the company, as we said above. *pro hac vice,* wherever it undertook business. It was not the intent of the statute that under it, and by virtue of the fact that this surety company was admitted to become surety on corporate, official, administrative, and guardianship bonds, that such suretyship should eliminate the jurisdiction of the courts otherwise existing, or draw, or have any tendency to draw, the litigation on such bonds into the local courts of Hinds county.

The surety company, by going on this bond, under the statute, located itself in Marshall county.

Officially, the secretary of state was everywhere in the state, and by statute the guaranty company was in Marshall county as to this transaction and jurisdiction, constructively.

TERRAL, J., delivered the opinion of the court.

The city of Holly Springs sued the Memphis Well Company and the American Surety Company, of New York, in the circuit court of Marshall county, in assumpsit, for $1,000 damages for breach of contract. A summons was issued to said county for the defendants, and it was returned not found as to both of them; a duplicate summons was issued to Hinds county, and was there served upon J. L. Power, secretary of state. At the ensuing term of court the plaintiff dismissed its suit as to the Memphis Well Company, and took judgment by default against the American Surety Company, and upon a writ of inquiry recovered a final judgment against it for $1,000.

Our code, § 650, provides that civil actions shall be commenced in the county in which the defendants, or one of them, may be found, and as neither of the defendants was found in Marshall county, the court there had no jurisdiction of the case.

Chapter 64, acts of 1894, which authorizes foreign surety

companies to do business in this state, might have wisely provided that suits against them might be brought in any county in which they did business; but we can place no construction upon that act which will sustain the judgment of the court in this cause.

We must gather the intention of the legislature from the plain language of the act, and it does not impart any modification of § 650. The circuit court was without jurisdiction, and its judgment is a nullity. *Wolley* v. *Bowie*, 41 Miss., 553.

*Reversed and dismissed.*