## Sandford v. Dixie Const. Co.

(In Banc. June 9, 1930.)

[128 So. 887. No. 28717.]

Currie & Currie, of Hattiesburg, for appellant.

Stevens & Heidelberg, of Hattiesburg, for appellee.

Griffith, J., delivered the opinion of the court.

Appellee, Dixie Construction Company, is a foreign private corporation, doing business in this state, and under section 11, chapter 90, Laws 1928, it has designated a resident agent within this state. This agent resides in the county of Harrison. Appellant sued appellee in

the circuit court of Forrest county upon a transitory cause of action which accrued in the latter county, and served the summons on the resident agent in Harrison county, there being no service of process in Forrest county where the suit was brought. The sole question to be decided is whether the circuit court of Forrest county, under the facts stated, had jurisdiction to proceed with the suit, and we answer that question in the affirmative.

The circuit court venue statute is chapter 155, Laws 1926, section 500, Hemingway's Code 1927, which reads as follows: "Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found, and if the defendant is a domestic corporation, in the county in which said corporation is domiciled, or in the county where the cause of action may occur or accrue except where otherwise provided. . . ."

Up to the time of the enactment of the chapter of the Laws of 1928, above cited, the place of suit against and service on a private foreign corporation in transitory actions was controlled by section 920, Code 1906, section 4507, Hemingway's Code 1927, which provides that: "Process may be served upon any agent of said corporation found within the county where the suit is brought, . . ." under which our courts held uniformly that when a foreign private corporation was the sole defendant the action could be maintained only in a county where an agent of the corporation was found and served with process; and without the said Laws of 1928 or where no resident agent is shown to have been designated thereunder, the same rule still exists and fully applies.

The question now before us is reduced simply to what is the effect of said section 11, chapter 90, Laws 1928, when the foreign private corporation has fully complied therewith and has duly appointed a resident agent in one of the counties of the state, as is the case before us, upon whom process may be served as completely and with an

effect as absolute and unquestionable as if then and there served on the highest executive officer of the corporation. The said section, after providing that "every domestic corporation, whether heretofore or hereafter organized, shall maintain an office in the county of its domicile in this state, either in charge of an officer or officers of the corporation, or in charge of some persons or corporation duly designated as resident agent for the service of process, . . . a duly certified copy of the resolution designating such resident agent, and the written acceptance of such agency by the agent, to be filed with the secretary of state, . . ." then further provides in its second paragraph "That every foreign corporation doing business in the state . . . whether it has been domesticated or simply authorized to do business within the state . . . shall . . . file a written power of attorney designating . . . an agent as above provided in this section, as its agent upon whom service of process may be had in the event of any suit against said corporation;" and the section further contains such complementary provisions as in all substantial respects place domestic and foreign corporations, which comply with the section, upon the same and an equal level as regards the manner of service of process upon them and in the matter of the conclusive force thereof.

Construing statutes similar to the above, in all material particulars, several of the courts have held that "the appointment of such an attorney in fact is made for the whole state," and that the venue or place of trial is not controlled by the residence of the agent designated. In other words, that the suit may be filed in any county of the state and the agent designated may be served in that or in any other county, the residence of the agent being in contemplation of law in every county of the state. An illustration from among these cases is found in Ramaswamy v. Hammond Lumber Co., 78 Or. 407, 152 P. 223. Other courts have held to the contrary, among which is

our own court in American Surety Co. v. Holly Springs, 77 Miss. 428, 27 So. 612.

In Arkansas the statutes required the foreign corporation to designate a resident agent, but the statute did not leave the question open to the chance that the court might or might not hold as the Oregon court and some others had held, namely, that the appointment of such an agent would be statewide in its effect, but the statute itself provided that such a designation should have that effect and that the foreign corporation could be sued in any county of the state, and the process could be served on the agent designated in any county, whether in the county of the suit or not, although under the statutes of that state a domestic corporation could not thus be sued throughout the state. This matter was taken to the supreme court of the United States, and in the case of Power Mfg. Co. v. Saunders, 274 U. S. 490, 47 S. Ct. 678, 679, 71 L. Ed. 1165, the said Arkansas statute was declared to be discriminatory and invalid. Among other things the Federal supreme court said: "No doubt there are subjects as to which corporations admissibly may be classified separately from individuals and accorded different treatment, and also subjects as to which foreign corporations may be classified separately from both individuals and domestic corporations and dealt with differently. But there are other subjects as to which such a course is not admissible; the distinguishing principle being that classification must rest on differences pertinent to the subject in respect of which the classification is made. Here the separate classification of foreign corporations is in respect of the venue or place of bringing transitory actions. The statutes mean foreign corporations doing business within the state by her permission, and therefore having a fixed place of business therein and a resident agent on whom process may be served. We speak only of them. So far as their situation has any pertinence to the venue of transitory actions, it is not

distinguishable from that of domestic corporations and individuals. Certainly there is no substantial difference. The opinion of the state court does not point to any relevant distinction, nor have counsel suggested any. Of course the restricted venue as to domestic corporations and individuals is prompted by considerations of convenience and economy; but these considerations have equal application to foreign corporations. So far as the plaintiffs in such actions are affected, it is apparent that there is no more reason for a statewide venue when the action is against a foreign corporation than when it is against a domestic corporation or a natural person. So we conclude that the special classification and discriminatory treatment of foreign corporations are without reasonable basis and essentially arbitrary.''

It will be noted that the above language presses down to the point that, where a foreign private corporation has a duly designated resident agent upon whom process may be fully served, there is a situation which cannot be substantially distinguished from that of domestic corporations so far as concerns the venue in transitory actions. And taking the entire opinion in that case and reading it in connection with the general subject of constitutional equality, as recently discussed in Hanover Fire Ins. Co. v. Carr, 272 U. S. 494, 47 S. Ct. 179, 71 L. Ed. 372, 49 A. L. R. 713, we must conclude that where a foreign private corporation has duly designated a resident agent upon whom, under the new 1928 statute, process may be served in the same way and as easily and as certainly and with as full and complete effect as upon a like agent of a domestic corporation, such a foreign private corporation, so complying with said new statute, cannot be sued in any county of the state where, in the same kind of an action under similar facts, a domestic corporation could not be sued.

But a domestic corporation may be sued not only in the county of its domicile, where its designated agent resides,

but also "in the county where the cause of action may occur or accrue," and this because the circuit court venue statute above quoted expressly so provides. Now we have just hereinabove stated the conclusion that a foreign private corporation, which under the new statute has designated a resident agent, cannot be sued except in the jurisdiction which, in a similar case under similar facts, would as to venue have cognizance of a like suit against a domestic corporation. Are we to say further that a foreign private corporation, which has designated a resident agent, cannot be sued in the county where the cause of action accrued, as a domestic corporation may be, because the venue statute does not mention foreign corporations? We answer that question by a quotation from the opinion in Carr v. Bates, 108 Va. at pages 374, 375, 61 S. E. 754, 755: "Section 1104 of the Code of 1904 provides that every foreign corporation, before doing business in this state, shall, among other things, appoint some person residing in this state as its agent, upon whom *all legal process* against the corporation may be served, and who shall be authorized to enter an appearance in its behalf. The manifest object of this provision was to compel a foreign corporation doing business in this state to have some designated representative residing in this state upon whom process against it might be served, and the corporation brought into court as effectually as if it were a home corporation. This object cannot be accomplished unless it be held that where an action for a wrong is brought in the county where the cause of action arose, and the statutory agent does not reside in such county, process can be served upon him in the county or corporation wherein he does reside. If process in such a case cannot be served in another county or corporation, then a foreign corporation is placed upon a higher plane and treated with more consideration than a home corporation, which manifestly was never intended." And we add that, not only is it manifest that

there was never an intention to place a foreign corporation in this important matter upon a more favored position in respect to a feature wherein there is no substantial difference between them, either in fact or in simple justice, but, beyond this, since all corporations domestic and foreign are within the constitutional protection of equality, it is no more permissible to discriminate against a domestic in favor of a foreign corporation than it is to do the reverse; and every statute must be construed, so long as its language will permit, as being intended to come fairly within constitutional rights and limitations.

We think, too, that some consideration must be given to section 4506, Hemingway's Code 1927 (chapter 123, Laws 1908), which declares that all foreign corporations ''doing business in this state, shall be subject to suit here to the same extent that corporations of this state are, whether the cause of action accrued in this state or not;'' and while we recognize that this statute was primarily directed towards substantive subjects rather than to matter of procedure, it is of concern here as indicating our general policy of equality and similarity of treatment as between foreign and domestic corporations, and as calling for that construction of the several pertinent statutes, even in respect to procedure, which will harmonize them and cause them to operate ''to the same extent'' when under the language thereof they are reasonably susceptible to that construction, and when there is that substantial similarity of pertinent fact and circumstance which produces or evolves the requisite basis of the contemplated equality of operation—and that latter, as we see it, is exactly the case we have here before us.

We must hold therefore that, by the new statute of 1928, it was the intention, and it has the effect, when a foreign private corporation has complied with it, to place the said foreign private corporation in regard to venue in transitory actions in exactly the same attitude as a domestic corporation, and that its effect is to domesticate

the said foreign private corporation for the purposes of suit and process—although for that purpose only. That such a construction is fair and just is obvious, and that it squares with every constitutional principle and requirement is likewise obvious, and being obvious needs no further elaboration.

Counsel for appellee relies strongly on the above-cited case of American Surety Co. v. Holly Springs, 77 Miss. 428, 27 So. 612. But when that case was decided there was no provision in the venue statute that a corporation, whether domestic or foreign, could be sued in the county where the cause of action accrued. Section 650, Code 1892, then in force, provided only that civil actions shall be commenced "in the county in which the defendants or any of them may be found." Reliance is also placed on Dean v. Brannon, 139 Miss. 312, 104 So. 173, and Hercules Powder Co. v. Tyrone, 155 Miss. 75, 124 So. 74. It is enough to say of these that in neither of them did it appear that there was an agent designated under the new statute of 1928, and it is only with defendants fully qualified under that statute that we deal in this opinion. As to all others the law stands as it was previous to the said enactment of 1928, and the old law remains in force as to all who have not complied with said new statute of 1928. Nor do we deal here with a case where the secretary of state is the only agent designated. The latter question is not actually before us, and we will not consider it, as we ought not, until squarely presented. Nor do we deal with insurance companies, railroad companies, and the like, as to which there are special statutes appropriate to the special nature of their activities among our people.

Reversed and remanded.