MAITLAND, KENNEDY & CO. v. JOHN H. KEITH, Administrator, &c.

The Statute of Limitations of 1844, bars a suit upon a judgment recovered in another state before the passage of the act, if it be not instituted within two years afterwards, although the defendant was never a resident of this state.

IN error from the Circuit Court of Panola county. Hon. P. T. Scruggs, judge.

On the 21st day of October, 1854, the plaintiffs in error sued

John H. Keith, as administrator with the will annexed, of one James C. Watson, upon the record of a judgment recovered by them against said Watson, in the State of Georgia, on the 4th of October, 1842.

To this, defendant pleaded the Statute of Limitations of two years, barring judgments recovered before its passage, unless suit was instituted within that term; also the Statute of Limitations of six years. The plaintiffs replied that the said James C. Watson, had never been an inhabitant or resident of this state, and that they had instituted their suit within two years from the date of the appointment of the defendant as his administrator. Defendant demurred to the replication, which was sustained by the court, and they declining to plead further, judgment was rendered in favor of defendant. From this, a writ of error was sued out by the plaintiff in the court below.

*W. F. Stearns* and *H. A. Barr,* for plaintiffs in error.

*A. M. Clayton, Watson* and *Craft, contrà.*

HANDY, J., delivered the opinion of the court.

This case depends upon the question, whether in an action brought upon a judgment rendered in another state, before the passage of the Statute of Limitations of 1844, and to a plea that the action was not instituted until after the expiration of two years from the passage of the statute, it is sufficient to reply, that the defendant in the foreign judgment was never a citizen, resident, or inhabitant of this state? in other words, whether the absence of such a defendant from this state, is to be taken as a part of the two years limited by the 14th section of that act.

The section of the statute referred to, after enacting that no action founded on any judgment thereafter to be rendered in any court out of this state, should be maintained in any court in this state after the lapse of six years from its rendition, contains this proviso : "That in all cases of such judgments or decrees heretofore obtained, which are not now barred by the Statute of Limitations, the plaintiff may maintain an action thereon, if the same

be commenced within two years after the passage of this act, and not afterwards."

It is contended that this provision must be construed, with reference to the 12th section of the act of 1822, which excepts from the time of the running of the statute, the time of any person's absence from the state, (Hutch. Code, 827); that this act is not expressly repealed by the act of 1844, and is not so repugnant to it, as that it is repealed by implication; and therefore, that the time limited by the latter act, in a case like this, begins to run only when the defendant in the foreign judgment comes into this state, and can be sued here.

We cannot sanction this view of the subject. It was clearly the policy of the legislature, in passing the act of 1844, to put an end to long-standing debts. This is manifest from many stringent provisions contained in the act. And it is to be remarked, that causes of action already existing, were in many instances, the subjects of very special and unusual restrictions. Wherever existing causes of action are touched, the intention to limit them as rigidly as possible, is apparent. With this manifest object, the provision under consideration appears to have been made, and the terms are so plain as not to admit of the construction, that the action shall be " commenced within two years *after the passage of this act,* and *not afterwards.*" To allow an exception in such a case, on account of the absence of the defendant from the state, by applying the saving of the 12th section of the act of 1822, would be a violation of the plain and positive language of the act. There is a clear repugnancy between the provisions of the two acts, and therefore the latter must be regarded as a repeal of the former act, so far as the cases embraced in it are involved.

If there be any room for doubt upon this point, it will be removed by the 17th section of the act of 1844, which cuts off all constructive savings or exceptions other than those enumerated in the act, and by the 11th section, which allows the exception contended for in this case, but expressly confines it to the " causes of action specified in the preceding sections of the act;" thereby excluding it from a case like the present, which is regulated by a subsequent section of the act.

The judgment of the court below, sustaining the demurrer to the replication, was therefore proper; and it is affirmed.