ROBERT WRIGHT *v.* FRANK S. MORDAUNT.

LIMITATION OF ACTIONS.   *Conflict of laws.   Lex fori.   Code* 1892, §§ 2737, 2748.

> The *lex fori* governing in such cases, the six year limitation of this state bars a suit on a promissory note made in another state in which the period of prescription is ten years, although both the maker and payee resided in such other state at the execution of the note, and the maker did not become a resident of this state until nearly six years after maturity. *Robinson* v. *Moore,* 76 Miss., 89, distinguished.

FROM the circuit court of Warren county.

HON. W. K. McLAURIN, Judge.

Wright, the appellant, was the plaintiff, and Mordaunt, the appellee, was defendant in the court below.

The opinion states the case. The sections of the code of 1892 referred to are as follows:

"2748 (2678). *Absence from the state.*—If, after any cause of action have accrued in this state, the person against whom

---

it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after his return."

"2754 (2684). *Action barred in another state barred here.* —When a cause of action has accrued in some other state or in a foreign country, and by the law of such state or country, or of some other state or country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, an action thereon shall not be maintained in this state."

*Booth & Booth,* for appellant.

While the precise question has never been decided in this state, this court has elaborately discussed the whole subject and announced the principle which we think must control in the present controversy. This principle is that our statute of limitations cannot be invoked in favor of a party until he comes within the jurisdiction of our courts. *Robinson* v. *Moore,* 76 Miss., 89; vide, also, *Estis* v. *Rowlins,* 5 How. (Miss.), 258.

*Miller, Smith & Hirsch,* for appellee.

At common law the limitation of actions does not depend on the law of the place where the contract was made, but on the law of the forum. *Perkins* v. *Gray,* 55 Miss., 153.

The only provisions of our statutory law having relation to the general rule that the *lex fori* governs, are §§ 2748, 2754, code 1892, which do not affect the question before the court.

The cause of action in *Robinson* v. *Moore,* 76 Miss., 89, relied on by appellant, accrued in this state, and the decision is consequently inapplicable.

CALHOON, J., delivered the opinion of the court.

The promissory note sued on was executed in Illinois, payable in Illinois, and both parties resided in that state at the time of its execution and maturity. Its date is July 1, 1892,

and it matured September 4, 1892. The law of Illinois does not bar actions on promissory notes until ten years have elapsed after maturity. In the spring of 1898 the maker, Mordaunt, took up his residence in Mississippi, and, on June 6, 1899, he was sued on the note by the payee, Wright, and pleaded the six years statute of limitations, and, his demurrer to Wright's replication setting up the above facts being sustained, Wright appeals. The note was barred when the action was begun. The *lex fori* governs, and the law of this forum is that six years bar an action on a promissory note, and more than six years elapsed after the maturity of this note.

The fact that this period expired in part before the maker became a citizen of this state makes no difference. It is the lapse of time, regardless of place, which bars in such cases as this. Sec. 2737, code, makes six years a bar. No statute, in a case like this, makes any exception to deprive defendant of the right to invoke the lapse of time as a bar. Code § 2748 has no application, for it applies to a cause of action accrued in this state, and deprives an absent party of the right to avail of time expired during his absence. Sec. 2754 has no application, because its sole purpose and effect are to give to one sued in this state the benefit of a bar completed elsewhere.

The whole matter is statutory. A statute—code, § 2737— makes six years a bar. No other statute applicable to the circumstances of this case creates any exception, or in any way modifies the right of the defendant to invoke the bar of six years given by the general statute. Therefore Mr. Wright's action was barred.

*Robinson* v. *Moore,* 76 Miss., 89, is of no benefit to appellant because in that case the right of action accrued in this state.

<div align="right">

*Affirmed.*