UNITED STATES FIDELITY & GUARANTY CO. *v.* RANSOM.

(In Banc. Dec. 20, 1941.)

[5 So. (2d) 238. No. 34779.]

Cassidy & McLain, of McComb, and A. A. Cohn, of Brookhaven, for appellant.

Hutchison & Hutchison, of Summit, and **Lotterhos** & **Travis**, of Jackson, for appellee.

Roberds, J., delivered the opinion of the court.

Appellant obtained a judgment against appellee in the State of Alabama on July 7, 1930. This arose out of transactions occurring in the States of Alabama and North Carolina. Appellee at that time, and at all times prior to September, 1937, was and had been a nonresident of the State of Mississippi. He became a resident of Mississippi in September, 1937.

On August 17, 1934, appellee was discharged in bankruptcy in the southern division of the northern district of Alabama, from all of his dischargeable debts.

On August 12, 1939, appellant filed the present action

against appellee, the foundation of which is the Alabama judgment.

Appellee, defendant below, pleaded the seven-year statute of limitation, as provided in Section 2304, Mississippi Code of 1930, and also that this debt had been discharged in the bankruptcy proceeding. Appellant, plaintiff below, in replication to the plea of the defendant pleaded Section 2310, Code 1930, taking the position that the period between July 7, 1930, the date of the Alabama judgment, and September, 1937, when the defendant became a resident of Mississippi, should not be allowed defendant on the limitation, and that the debt upon which the judgment was founded was not a dischargeable debt in bankruptcy.

Appellee demurred to the replication, which demurrer was sustained, and plaintiff declining to plead further, a final judgment was entered against appellant, from which action of the lower court this appeal is taken.

It will be seen that the questions presented upon this appeal are whether the seven-year statute of limitation has run in favor of the appellee, and whether the debt is dischargeable in bankruptcy.

We have reached the conclusion that the statute of limitation does apply, and therefore we do not in this opinion discuss the question whether the debt is dischargeable in bankruptcy.

Appellant's position is that the statute did not begin to run until appellee became a resident of Mississippi. Appellee's position is that it began to run from the date of the judgment, because this cause of action did not accrue in Mississippi and defendant could not have been sued here until he became a resident of this State.

Appellant's position is correct under the old statute, but is not correct under the present statute. The old statute was as follows:

"If, at the time when any cause of action mentioned in this chapter, shall accrue against any person, he shall be out of the state, the action may be commenced within the time herein limited therefor, after such person shall

have come into the state; and if, after any cause of action shall have accrued, the person against whom it has accrued shall be absent from, and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action." Section 2157, Code of 1871.

The present statute reads: "If, after any cause of action have accrued in this state, the person against whom it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after his return."

This was Section 2678, Code of 1880. There is a vital difference in the old and the existing statute.

Under the old statute, the time was fixed "after any cause of action shall have accrued," regardless of where it had accrued; under the present statute the time of the absence of the debtor from the state is to be deducted only "after any cause of action have accrued in this state."

For cases construing the old statute, see Clements v. Brown, 31 Miss. 93; Maitland, Kennedy & Company v. Keith, 30 Miss. 499; Ingraham v. Bowie, 33 Miss. 17; Kennard v. Alston, 62 Miss. 763; Lindenmayer v. Gunst, 70 Miss. 693, 13 So. 252, 35 Am. St. Rep. 685; Robinson v. Moore, 76 Miss. 89, 23 So. 631. But the cases passing upon the present statute have held that the statute only applies after the cause of action has accrued in Mississippi. Wright v. Mordaunt, 77 Miss. 537, 27 So. 640, 78 Am. St. Rep. 536; Scottish American Mortgage Company v. Butler, 99 Miss. 56, 54 So. 666, Ann. Cas. 1913C, 1236; Fisher v. Burk, 123 Miss. 781, 86 So. 300.

The case of Wright v. Mordaunt, supra, is decisive of this question. This was a suit upon a promissory note executed in Illinois, and payable in that state. Both parties resided in that state at the time of its execution and maturity. The note was dated July 1, 1892, and matured September 4, 1892. The Illinois law did not bar actions

on notes until ten years after maturity. In the spring of 1898, Mordaunt, the maker of the note, became a resident of Mississippi, and on June 6, 1899, he was sued on the note by Wright, the payee, and he pleaded the six-year statute of limitations, and his demurrer to Wright's replication, setting up the foregoing facts, being sustained, Wright appealed. This court, speaking through Judge CALHOON, said:

"This note was barred when the action was begun. The lex fori governs, and the law of this forum is that six years bar an action on a promissory note; and more than six years elapsed after the maturity of this note. The fact that this period expired in part before the maker became a citizen of this state makes no difference. It is the lapse of time, regardless of place, which bars in such cases as this. Section 2737, Code, makes six years a bar. No statute, in a case like this, makes any exception, to deprive defendant of the right to invoke the lapse of time as a bar. Code, section 2748, has no application, for it applies to a cause of action accrued in this state, and deprives an absent party of the right to avail of time expired during his absence. Section 2754 has no application, because its sole purpose and effect are to give to one sued in this state the benefit of a bar completed elsewhere. The whole matter is statutory. A statute (Code, sec. 2737) makes six years a bar. No other statute applicable to the circumstances of this case creates any exception, or in any way modifies the right of the defendant to invoke the bar of six years given by the general statute. Therefore Mr. Wright's action was barred. Robinson v. Moore, 76 Miss. 89, 23 So. 631, is of no benefit to appellant, because in that case the right of action accrued in this state."

Although the Wright case involved the six-year statute, Section 2310, Code of 1930, is equally applicable to Section 2304 of said Code.

The reason for not giving a defendant the benefit of the time he is absent from the state is that his absence

prevents the plaintiff from exercising his right of suit. If the action does not lie in Mississippi, no suit can be maintained here and no right of plaintiff is denied him, and the rule would disappear with the reason. Of course, there may be cases, such as equity foreclosures of mortgages on lands in Mississippi, or for other reasons inherent in the transaction, where the cause of action would accrue in this state and suit would lie here, whether defendant is a resident of the state or not, but that is not this case. No action could have been brought in Mississippi until appellee became a resident thereof in September, 1937, and the time of his absence from Mississippi was before the cause of action accrued therein.

Affirmed.