Southern Wholesalers, Inc. v. Stennis Drug Co.

May 26, 1952.

No. 38428 (59 So. (2d) 78)

462

Daniel, McKee & McDowell, for appellant.

464

468

469

Jessie P. Stennis, for appellee.

474

**Kyle, J.**

Suit was filed by appellee in the Circuit Court of Kemper County to recover damages for an alleged breach of contract by appellant to furnish and install an ice cream freezing unit. From a verdict and judgment for

appellee in the sum of $750, appellants prosecute this appeal.

The appellant, hereinafter designated the defendant, is a foreign corporation authorized to do business in this State and domiciled in Hinds County.

Jurisdiction of the Circuit Court of Kemper County, where the cause was tried, was raised by plea in the answer and was maintained against the plea and motions challenging such jurisdiction. ██ ██ The equipment was shipped, according to an oral agreement, and was to be installed in plaintiff's drug store in Kemper County. Failure to install the unit occurred in that county and a cause of action accrued then and there. ██ ██ This fixes the jurisdiction as laid in view of Code 1942, Section 1433, which provides that the venue of an action against a domestic corporation may be brought in the county of the domicile of the corporation "or in the county where the cause of action may occur or accrue". This provision applies to foreign corporations who are subject to the same rights and disabilities as to venue as are domestic corporations. Forman v. Mississippi Publishers Corporation, 195 Miss. 90, 14 So. (2d) 344, 148 A. L. R. 469; Sanford v. Dixie Construction Co., 157 Miss. 626, 128 So. 887.

We have been cited to no case decided by this Court adjudging the venue as to such defendants as established by the statute where the action is for breach of contract. The contract as to delivery and installation was to be performed in Kemper County, and the cause of action for a failure to install occurred there. While divergent views have been elsewhere expressed, we conclude that jurisdiction was fixed at the place of breach or non-performance. See 67 C. J., Venue, Sec. 31, p. 28, and Sec. 152, p. 94.

██ ██ Process was executed upon the designated agent for process in Hinds County. We do not pursue the assignment based upon the alleged insufficiency of process upon such agent. There was no motion to quash.

The defendant appeared, there were two continuances, and the case was heard and contested upon its merits.

■■ The action was not barred by the three year limitation applicable to oral contracts. Code 1942, Section 729. As will be shown hereafter, the contract was entered into in May 1946, and the unit, except for certain necessary parts, was received by the plaintiff in August 1946. It was part of the agreement that installation would await the happening of the earlier of two contingencies, the sale of the existing equipment or its breaking down. It ceased functioning in the summer of 1948. Then for the first time the plaintiff requested installation. Failure to comply with this request set the statute of limitation in operation. Filing of this action in 1950 saved the bar of the statute.

We are thus brought to a consideration of the instructions covering the nature and extent of the damages claimed. Unusual as the contract may appear, because of its right to a deferred installation, it remains true that the right to delay installation was part of the agreement. The unit remained stored beneath a shed or overhead canopy in front of the drug store for two years, and indeed has never been installed. Although there was in the meantime considerable correspondence with regard to missing parts, the delay was attributable to the purpose of the plaintiff to await the happening of either of the events mentioned above, and it is clear that the failure of the defendant at the outset to furnish certain parts of the unit was, in this connection, immaterial. In fact, the plaintiff testified that he did not know the condition of the equipment or whether other parts were missing, for he never uncrated it. He explained that he hestitated to have it installed by third persons lest he impair thereby the one year warranty thereon and the obligation of the defendant to serve it for one year.

The claim for damages, as amended by the plaintiff included the following items: $557.50 for depreciation in the equipment due to the delay; $230 as the cost of

installation; $230 as the cost of servicing for one year; $569.78 as the loss of profits allegedly caused by the necessity for purchasing ice cream from outside sources. It may be added that plaintiff's witness stated that $230 included both installation and servicing.

■■ The court refused to the defendant instructions denying recovery for loss of depreciation, and loss of profits. We find this to be error. No loss of function or depreciation in efficiency was shown. One witness testified, chiefly from the fact that the equipment had remained crated and unused for two years, that its value would depreciate twenty percent. Yet, plaintiff was not concerned with market value. His interest centered about his desire to have it installed and the losses consequent therefrom. It was uncontradicted that the unit was, from the point of view of utility, as good as new. Further, since it had remained crated, opinions as to its depreciation in function was purely speculative.

■■ The element of loss of profits, or damage measured by the difference between the cost of ice cream purchased elsewhere, and the cost of manufacture, should not have been submitted to the jury. Among other reasons, it was obviously contemplated that at the time of interchange or replacement there would occur an interval during which ice cream could not be manufactured by the plaintiff. There were readily available several expert mechanics who would and could have installed the unit. As a matter of fact, one of these witnesses, a former employee of the defendant, offered to install it but the offer was refused. It is in point that the plaintiff based his claim for the cost of installation and maintenance upon the estimate of this witness. It was therefore the duty of plaintiff to mitigate or avoid damage by effecting installation.

It is not in point that his reasons for not installing the unit included a fear that such course might impair the warranty thereon. An instruction was refused to the defendant covering this element, and limiting any re-

covery to the cost of installation and service. It is premature to consider the possibility of a claim under a warranty where no breach has occurred. Instructions given to the plaintiff allowed the jury to consider depreciation in the value of the equipment, the loss of profits, and a general authority to assess damages ''in such amount not exceeding the amount sued for as it may have been shown by a preponderance of the evidence the plaintiff sustained.''

██ ▌ Under this record the only issue to be submitted is the cost of installation and servicing by others than the defendant. As stated above, the matter of warranty is not here involved, but is not foreclosed.

Reversed and remanded.

**McGehee, C. J.**, and **Alexander, Hall** and **Holmes, JJ.**, concur.