Motors Ins. Corp., et al. *v.* Lenoir.

Oct. 19, 1953

No. 38837      39 Adv. S. 32      67 So. 2d 381

*Hall & Callendar,* Columbia, and *H. H. Parker,* Poplar-ville, for appellants.

350

*Morse & Morse,* Poplarville, and *Grayson B. Keaton,* Picayune, for appellee.

Holmes, J.

On July 11, 1950, the appellant issued to the appellee its policy of insurance on a 1949 two-ton Chevrolet truck, agreeing to protect him against direct and accidental loss of the truck by fire to the extent of the actual value thereof. Later, the appellee brought this suit against the appellant on the aforesaid policy, alleging in his declaration that the truck was totally destroyed by fire on Sep-

tember 28, 1950, and demanding as the actual value of the truck the sum of $1,500.00. The General Motors Acceptance Corporation, which had financed the original purchase of the truck, was made a defendant to the action for the purpose only of protecting its interest in the truck and in any recovery therefor by the appellee. The appellant answered, admitting the issuance of the policy but denying that the loss of the truck was accidental within the terms of the policy, and denying that it was indebted to the appellee in any amount. On the day the case was set for trial, the appellant requested and was granted leave of the court to amend its answer, and did so, by setting up in its amendment by way of defense and as an affirmative matter in avoidance that the appellee procured the blasting with dynamite and burning of the truck for the fraudulent purpose of collecting the insurance thereon. The appellee filed no written statement of any special matter which he intended to give in evidence in denial and avoidance of the affirmative matter set forth in the appellant's answer.

On the morning the case was set for trial, the appellant made a motion for continuance based upon the absence of a witness named Cleo Reed, a negro employee of the appellee. It was alleged in the motion that due diligence had been exercised to obtain the presence of the witness and that he appeared to be evading the process of the court, but that his presence could, in all probability, be procured at another term. It was further alleged in the motion that if the witness were present, he would testify that he dynamited and burned and destroyed the truck at the special instance and request of the appellee. The appellee, while denying the truth of the proposed testimony of the absent witness, agreed for the purpose of obtaining a trial of his cause without further delay that if the witness were present he would testify as alleged in the motion, and thereupon the court overruled the motion for continuance and the case proceeded to trial. The jury

returned a verdict for $1,800.00, which was $300.00 in excess of the amount sued for, and the appellee, at his request, was permitted to enter a remittitur of $300.00, whereupon judgment was entered in favor of the appellee and against the appellant for $1,500.00. From this judgment, the appellant prosecutes this appeal.

The record discloses the following: The appellee bought the truck on July 11, 1950, from the Picayune Motor Company at the purchase price of $1,495.00, trading in a 1947 one and a half ton Dodge truck for which he was given an allowance of $500.00. On the same date he bought the truck, he ordered two new tires for it at a cost of approximately $78.00 each, placing the same on the truck when received. After he had used the truck about a month, one of the rods came through into the block and he put in a new motor, the expense of which, he claimed, was to be borne one-half by him and one-half by the Picayune Motor Company under the company's guarantee. He used the truck in hauling stumps for the Crosby Chemicals, Inc., at Picayune, Mississippi, and employed in the operation of the truck and the hauling of the stumps two negroes, Cleo Reed and Robert Lee Robinson. According to the appellee as set forth in written statements given by him and introduced by the appellant, the gas tank had developed a leak and on Monday before the destruction of the truck on Thursday, he told his employee, Cleo Reed, to take the truck to the Picayune Motor Company to have the tank repaired, and he did so but was told by the company to bring it back later, and when this was reported by Cleo Reed to the appellee, the appellee told him to wait until Saturday and he would have it fixed. Further, according to the appellee as set forth in the aforesaid statements, Cleo Reed reported to him that as he was going along the road in the truck he smelled smoke and got out of the truck and looked under the hood and discovered that the truck was on fire, and that it burned. The appellee was not present at the time the truck was

destroyed, and knew nothing about it until it was reported to him by his employee, Cleo Reed. He denied that he had anything to do with burning the truck or procuring its destruction. He testified that the actual cash value of the truck at the time of its destruction was $1,500 to $1,600. His witness, Charlie C. Mitchell, testified that the actual cash value of the truck on July 11, 1950, was $1,500 to $1,800. His brother, T. J. Lenoir, who was shown to be experienced in buying, dealing in and trading trucks, and familiar with the actual cash value of the same, testified that the actual cash value of the truck at the time of its destruction was $1,500 to $1,600. Objection was made to the testimony of the appellee and the witness Mitchell upon the ground that they were not qualified to testify as to the value of the truck and this objection was overruled, but no prejudice resulted to the appellant thereby, since the testimony of the qualified witness, T. J. Lenoir, was not refuted by any testimony for the appellant. The appellant relied upon the testimony of Cleo Reed and R. L. Furgerson, deputy state fire marshal, to prove the willful destruction of the truck by the appellee. Reed's testimony was that set forth in the motion for continuance. The witness Furgerson testified that he inspected the truck after its destruction and that from certain parts of it that appeared to be blown up, it appeared to him that there was an explosion in the cab of the truck.

It is the contention of the appellant that it is entitled to a reversal of the judgment of the court below, first, because the court erred in refusing its request for a peremptory instruction; second, because the verdict is against the overwhelming weight of the evidence; and, third, because the verdict of the jury was excessive and the court erred in permitting the appellee to enter the remittitur.

The appellant's contention that the court erred in refusing to grant its request for a peremptory instruc-

tion is based principally upon the failure of the appellee to file any written replication to the amended answer of appellant which set up by way of defense and as affirmative matter in avoidance that the appellee procured the burning and destruction of the truck for the fraudulent purpose of collecting the insurance thereon. It is the contention of appellant that since no written replication was filed, no proof by the appellee in denial and avoidance of the special matter set up in the amended answer was admissible, and that, therefore, the affirmative matter set up in the amended answer stands admitted. There are two answers to the appellant's contention. In the first place, no proof of any special matter in denial and avoidance of the affirmative matter was offered by the appellee. He simply denied the special matter alleged in the amended answer. He did not seek to set up any special matter in denial and avoidance of the affirmative defense set up in the amended answer. He was not required to file any written replication to the appellant's amended answer in so far as his answer thereto consisted of a mere denial of the facts alleged therein. Chapter 230, Laws of 1948; Burns v. Clarksdale Production Credit Assn., 189 Miss. 34, 195 So. 588. In the second place, the appellant elicited from the appellee on cross-examination his denial of the facts alleged in the amended answer. We think, therefore, that the court committed no error in denying appellant's request for a peremptory instruction.

■■■ We have carefully reviewed the evidence in this case and are of the opinion that the verdict is not contrary to the overwhelming weight of the evidence. We think the evidence on the vital issues of the case was conflicting and presented an issue of fact for the jury and that there is ample evidence to support the verdict of the jury.

It is finally argued by the appellant that the verdict of the jury is excessive and that the court erred in permitting the appellee to enter the remittitur. The competent

evidence as to the actual value of the truck is not refuted by any evidence introduced on the part of the appellant, and, we think, amply supports the verdict of the jury in the amount of $1,500. The action of the court in permitting the entry of the remittitur is amply supported by authority.

██ ██ ''A remission of the excessive part of a verdict for damages may be made voluntarily by the prevailing party * * *.'' 25 C. J. S., p. 994.

██ ██ ''Ordinarily, where the amount of the recovery exceeds the demand of the successful party in his pleadings, the court properly conditions its refusal of a new trial on the prevailing party remitting the excess.'' 66 C. J. S., p. 523.

It follows from the foregoing views that the judgment of the court below must be and it is affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle,* and *Lotterhos, JJ.,* concur. *Hall, J.,* took no part in this decision.