**C & L RURAL ELECTRIC COOPERATIVE CORPORATION et al., Plaintiffs and Counterdefendant,**

v.

**Robert KINCADE, Eva Kincade, and W. S. Kincade, Defendants and Counterclaimants.**

**Civ. No. 760.**

United States District Court
N. D. Mississippi,
Delta Division.
Aug. 12, 1959.

---

Vincent J. Brocato, Clarksdale, Miss., James T. Kendall, Jackson, Miss., for Kincades.

CLAYTON, District Judge.

This suit began here as an action to recover on a judgment rendered by the Circuit Court of Lincoln County, Arkansas. It is now before the Court on a motion for summary judgment with respect to a severable part of claims asserted by amended counterclaim. Before proceeding with the issue now before the Court, it will be necessary to briefly outline the pertinent transactions leading up to this controversy.

On February 6, 1947, C & L Rural Electric Cooperative Corporation, an Arkansas corporation, hereinafter referred to as C & L, entered into a construction contract with Robert Kincade, Eva Kincade, and W. S. Kincade, partners doing business as Delta Construction Company in Clarksdale, Mississippi, hereinafter referred to as the Kincades. This contract was for construction which was to be undertaken for C & L in the State of Arkansas. In compliance with the terms of this contract, the Kincades obtained a liability insurance policy, a workmen's compensation policy, and a contractors performance bond from American Casualty Company of Reading, Pennsylvania.

An employee of the Kincades, Grady L. McEntire, was injured while working on this construction project and on November 17, 1948, recovered a judgment for $40,000 from C & L. Suit was then filed by C & L and its insurer, Employers Mutual Liability Insurance Company, to recover from the Kincades the amount they had paid McEntire. Judgment finding C & L responsible to the extent of 40% and the Kincades responsible to the extent of 60% for the damages sustained by McEntire was affirmed by the Arkansas Supreme Court and judgment was entered in the Circuit Court of Lincoln County, Arkansas, on May 11, 1957.

On May 11, 1948, subsequent to the injury of McEntire, a second contract was entered into between C & L and the Kincades whereby the Kincades agreed to

Lasley & Lovett, Little Rock, Ark., for C & L Rural Elec. Coop. Corp.

construct approximately 12 miles of 33-KV transmission lines in the vicinity of Warren, Arkansas. Alleging breach of this contract, the Kincades filed suit against C & L on September 24, 1951, in the Circuit Court of Lincoln County, Arkansas, Cause No. 1231, to recover damages in the sum of $8,654.13. This suit is still pending.

On July 9, 1958, C & L and Employers Mutual Insurance Company filed suit in this court against the Kincades to recover on the judgment entered on May 11, 1957, in the Circuit Court of Lincoln County, Arkansas.

In addition to a third-party complaint which they filed against American Casualty Company, the Kincades filed a counterclaim alleging breach by C & L of the construction contract of May 11, 1948. Damages were alleged to be $8,-654.13. This counterclaim is the same claim asserted in the action pending in the Circuit Court of Lincoln County, Arkansas, Cause No. 1231. An order was entered by this court dismissing the counterclaim for want of the jurisdictional amount necessary in diversity cases. But, the Kincades, with leave of court, then filed an amended counterclaim wherein they allege that the judgment sued upon by C & L and Employers Mutual Insurance Company was obtained through the "fraudulent conduct" of C & L and Employers Mutual Insurance Company "acting in concert" with the third-party defendant, American Casualty Company, and should, therefore, be set aside and the enforcement thereof permanently enjoined. As a further counterclaim, the Kincades demanded judgment against C & L in the sum of $8,654.13 for breach of the construction contract of May 11, 1948. All of C & L's acts alleged as a breach of this contract, occurred, if they did occur, at the construction site in Arkansas or involved the actual construction there.

C & L then filed a motion for summary judgment as provided by Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., with respect to that portion of the amended counterclaim demanding judgment in the sum of $8,654.13. The case is now before the Court on this motion for summary judgment.

The issue presented on this motion is whether that portion of the amended counterclaim demanding a judgment of $8,654.13 and interest is barred by Mississippi statutes of limitation. Defendants' counsel, although not admitting that the Mississippi statutes of limitation apply, contends that the "absence statute" of Mississippi or the Arkansas or Mississippi "Journey's Account" statute would toll the statute.

It is well settled that in an action on a contract the statute of limitations of the state where the suit is brought governs. Le Mieux Brothers Corporation v. Armstrong, 5 Cir., 1937, 91 F.2d 445; United States Fidelity & Guaranty Co. v. Ransom, 192 Miss. 286, 5 So.2d 238; Dunn Construction Co. v. Bourne, 172 Miss. 620, 159 So. 841; Wright v. Mordaunt, 77 Miss. 537, 27 So. 640. The applicable Mississippi statutes, all in Mississippi Code 1942, Annotated, are:

"§ 722. *Actions to be brought in six years.*

All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after."

"§ 740. *Absence from the state.*

If, after any cause of action have accrued in this state, the person against whom it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after his return."

"§ 744. *New action after abatement, reversal.*

If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment

for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein; and his executor or administrator may, in case of his death, commence such new action, within the said one year."

It is without dispute that the Kincades' claim (now asserted in the amended counterclaim) accrued sometime in the year 1948 and that this counterclaim was not filed until 1958. Therefore, the claim is barred by Section 722 unless some fact is shown that would take it out of the statute. The Kincades claim that either Section 740 or Section 744 would prevent the running of the statute. We first consider Section 740.

It is clear that C & L is an Arkansas corporation and has been "absent from" the State of Mississippi during the period from 1948 when the Kincades' cause of action accrued to July 9, 1958, when it filed this suit to recover on its Arkansas judgment. However, the Supreme Court of Mississippi has held that Section 740 applies only to causes of action that have accrued in Mississippi. Wright v. Mordaunt, 77 Miss. 537, 27 So. 640; Fisher v. Burk, 123 Miss. 781, 86 So. 300; United States Fidelity & Guaranty Co. v. Ransom, 192 Miss. 286, 5 So. 2d 238; La Mieux Brothers Corporation v. Armstrong, supra. In the Wright case, an action in Mississippi on a note executed and maturing in Illinois, the Court said:

"The note was barred when the action was begun. The lex fori governs, and the law of this forum is that six years bar an action on a promissory note; and more than six years elapsed after the maturity of this note. *The fact that this period expired in part before the maker became a citizen of this state makes no difference.* It is the lapse of time, regardless of place, which bars in, such cases as this * * * Code, § 2748, (now § 740), has no applica-tion, for it applies to a cause of action accrued in this state,* and deprives an absent party of the right to avail of time expired during his absence." (Emphasis supplied.)

The question thus presented is, did this cause of action accrue in Mississippi or Arkansas?

That part of the amended counterclaim here involved is a claim for damages resulting from an alleged breach of a contract to construct approximately 12 miles of 33–KV transmission lines in the State of Arkansas. Both the supporting and opposing affidavits show the following: The offer consisted of 4 letters signed and mailed in Coahoma County, Mississippi, by the Kincades; the acceptance consisted of a telegram and letter from C & L in Arkansas, received by the Kincades in Coahoma County, Mississippi; a statement from the Kincades requesting payment of $19,604.13 for this construction work was received by C & L in Arkansas; a letter from C & L enclosing its check for the amount of $10,950 for the construction work was received by the Kincades in Coahoma County, Mississippi, and the Kincades' receipt for this payment was signed and mailed in Coahoma County, Mississippi. In addition the Kincades by affidavit deny that payment was to be made in the State of Arkansas and state that all payments of expense, payroll, and other items were to be made and were made in the State of Mississippi and that all data, records and documents with reference to the contract were to be kept, and were kept in Mississippi. Further, one of the Kincades' letters provided that all of their supervision would be directed from their office in Mississippi. The Kincades do not deny that the construction work was to be performed in the State of Arkansas. The Kincades' allegation that payment was to be made in the State of Mississippi is denied by C & L's affidavit, but the place of payment is in no way decisive.

In a construction contract the cause of action accrues for breach of con-

tract at the place where the contract was to be performed. Southern Wholesalers, Inc. v. Stennis Drug Company, 214 Miss. 461, 59 So.2d 78; 92 C.J.S. Venue § 10, P. 682, and cases cited. The Court finds as fact that the construction required by this contract was to be performed in the State of Arkansas and the breach, if any, of this contract occurred at the construction site. Section 740 does not toll the statute for the cause of action which accrued in the State of Arkansas.

Next we consider Section 744. The parties agree that the suit filed in 1951 and now pending in the Lincoln County, Arkansas Circuit Court, Cause No. 1231, is the identical claim asserted by that part of the amended counterclaim here involved. They disagree as to the effect of the Arkansas suit. The Kincades maintain that commencement of the suit suspended the statute of limitations under Section 744, while C & L contend that Section 744 does not apply to suits commenced in another state.

> "The general rule is that the commencement of an action in one state does not toll the statute of limitations in another state unless the applicable statute so provides." Sigler v. Youngblood Truck Lines, Inc., D. C.E.D.Tenn.1957, 149 F.Supp. 61, 62.

This seems to be a concise statement of the usual interpretation of similar statutes. Riley v. Union Pacific Railroad Co., 9 Cir., 1950, 182 F.2d 765; Overfield v. Pennroad Corp., 3 Cir., 1944, 146 F. 2d 889; Herron v. Miller, 96 Okl. 59, 220 P. 36; Morris v. Wise, Okl., 293 P.2d 547, 55 A.L.R.2d 1033; 54 C.J.S. Limitations of Actions § 299, P. 367. The Arkansas suit did not toll the running of the Mississippi statute.

For the foregoing reasons, the motion for summary judgment is sustained and that portion of the amended counterclaim demanding a judgment in the sum of $8,654.13 for breach of contract is dismissed.

Order is being entered in accordance with this opinion.