GUTHRIE, et ux. *v.*
THE MERCHANTS NATIONAL BANK OF MOBILE

No. 43675 November 22, 1965 180 So. 2d 309

534

*Lee B. Agnew,* Jackson, for appellants.

*Pat H. Scanlon, Young & Young,* Jackson, for appellee.

BRADY, TOM P., J.

Two causes of action, Cause No. 39,328 against appellants, Ralph K. Guthrie and wife, Mrs. Ralph K. Guthrie, and Cause No. 39,322 against appellant Ralph K. Guthrie, were instituted by The Merchants National Bank of Mobile, appellee, for deficiencies on promissory notes executed by appellants. The two cases were consolidated for trial purposes and the jury rendered a verdict in the County Court of the First Judicial District of Hinds County, Mississippi, for appellee. The First Circuit Court District of Hinds County affirmed the judgments of the county court, from which appellants prosecute this appeal.

Stated tersely, the basic facts are as follows:

During the month of July 1958, appellants, Mr. and Mrs. Ralph Guthrie, moved to Mobile, Alabama. They proceeded to borrow from The Merchants National Bank of Mobile, for brevity hereinafter designated as MNB, the sum of $400 to help defray their moving expenses. Several payments were made on this note.

On December 22, 1958, the appellants negotiated another loan from MNB in the sum of $468, executing therefor their promissory note payable in twelve monthly installments of $39 each, said payments beginning on January 16, 1959. From this December 1958 loan, $299 was used to pay the balance of the July 1958 note, $147.12 went to the appellants, and the bank received $24.88 for interest.

Mr. and Mrs. Guthrie made payments on the $468 note of December 22, 1958 until August 7, 1959, at which time they defaulted in the payments, leaving a delinquent balance of $273 due and owing. Cause No. 39,328 was instituted in the County Court of the First Judicial District of Hinds County on May 21, 1964.

The record discloses that on May 15, 1959, Ralph K. Guthrie, in order to purchase certain photographic equipment from Calagaz Photo Supply, Inc., borrowed $864 from MNB, executing therefor a promissory note payable in twelve monthly installments of $72 each, beginning June 10, 1959. The appellant, Ralph K. Guthrie, secured his note by executing a chattel mortgage to appellee on the same date covering the photographic equipment purchased by Mr. Guthrie with the money borrowed. The bank, at the time, deducted its interest and recording fees from the loan and, after doing so, issued a check to Mr. Guthrie and Calagaz Photo Supply, Inc., for $800.52. No part of the May 15, 1959 loan was applied in payment of the December 22, 1958 note executed by Mr. and Mrs. Ralph Guthrie. Since the December 22, 1958 note had not been paid, the appellee bank retained possession of the note and did not return it to the appellants.

The record discloses that appellant Ralph K. Guthrie made one payment only on the May 15, 1959 note. This was a payment in the sum of $72, which was made on August 11, 1959, leaving a balance on the note of $792.

The record discloses that appellant Ralph K. Guthrie took a large part of the equipment covered by the chattel

mortgage and pawned it with three pawn shops in Mobile, receiving therefor only $285.50. Some of the equipment was pawned on August 7, 1959, for which appellant Guthrie received $187.50. Being contacted repeatedly by the bank, Mr. Guthrie delivered voluntarily to the bank the four pawn tickets totaling $285.50 which he had received from pawning the mortgaged property.

On March 7, 1960, not having recorded the chattel mortgage, MNB issued its checks to the three pawn shops, totaling the sum of $285.50, and received the property which appellant Guthrie had pawned. Appellant Guthrie voluntarily released the remainder of the property which was covered by the chattel mortgage he had executed.

Appellant Guthrie contended that the bank released him from all remaining indebtedness when he voluntarily relinquished to appellee the balance of the property which he had in his possession. He admitted on cross-examination that he was unable to fully pay the notes; that he made only one payment on the May 15, 1959 note.

In December 1959 appellant Guthrie filed a Wage Earner Plan under Chapter 13 of the Bankruptcy Act, 11 United States Code sections 1001-1086 (1938), as amended, and MNB perforce postponed at that time any legal action under its chattel mortgage pending the bankruptcy proceeding. When appellant failed to comply with the requirements under the Wage Earner Plan and his petition was dismissed in September 1960 for noncompliance therewith, appellee was unable to locate either of the appellants, as they had moved from Mobile to some unknown destination.

Ultimately in the spring of 1964, appellee received information which disclosed that appellants were residing in Jackson, Mississippi, and immediately employed counsel to institute suit.

On May 21, 1964, Cause No. 39,328 was filed against appellants for the sum of $273 on the December 22, 1958 note, plus interest and reasonable attorneys' fees. At

the trial appellee proved that interest from the maturity date of the note, January 1960, until August 16, 1964, at date of trial, amounted to $100, and that reasonable attorneys' fees for collection of the promissory note amounted to $99.25. Appellee sought recovery in the amount of $466.35, for which sum the jury returned its verdict.

On May 20, 1964, appellee instituted Cause No. 39,322 against appellant Ralph K. Guthrie in the County Court of the First Judicial District of Hinds County for $369.06, representing the balance due on the promissory note, plus interest from its maturity date, May 10, 1960, to August 10, 1964, in the amount of $125.48, and reasonable attorneys' fees in the sum of $117.24. Appellee demanded judgment in the sum of $612.78, and the jury returned a verdict for exactly this amount.

The appellants appealed both judgments to the Circuit Court of Hinds County, where they were affirmed, and from these judgments appellants prosecute this appeal.

The dominant issues in the trials below and in the record here are questions of fact, and these issues will be dealt with in this opinion as they appear in the assignment of errors urged by appellants. The major error urged by appellants is that the trial court erred in overruling appellants' motion to disallow any testimony by appellee in denial or avoidance of the special matter set forth in the answer of appellee, for the reason that appellee did not file a written replication to appellants' answer which set up affirmative defenses, which replication the appellee was required by law to file.

This error is based upon Mississippi Code Annotated section 1475.5 (4) (1956) which, in substance, provides that when affirmative matters have been set up in the answer of the defendant, the plaintiff shall "file a written statement of any special matter which he intends to give in evidence in denial or avoidance of such special

matters so given in the answer by the defendant, and to which it would have been necessary heretofore to reply specially had the defendant's defense been specially pleaded . . . ."

This statute has been considered by this Court and has been reported in the case of Burns v. Clarksdale Prod. Credit Ass'n, 189 Miss. 34, 195 So. 588 (1940). In that case Burns brought a suit to recover a sum of money allegedly due him as a farmer under the cotton price adjustment plant. Burns' subsidy check from the United States Goverment had been sent to the appellee credit association to apply on loans made by it to Burns. In its answer the credit association alleged two affirmative defenses: (1) Burns had violated the terms of the deed of trust with the credit association; (2) Burns had abandoned the crop, and the credit union, as a successor in interest, became entitled to the subsidy check. Plaintiff Burns filed no written answer to these affirmative defenses. In deciding that a replication was unnecessary, we stated:

 Appellant, as plaintiff in the court below, filed no replication to these notices, nor was he required to do so under section 536 of the Code of 1930, insofar as his answer thereto may have consisted of a mere denial of the facts alleged therein. (189 Miss. at 41; 195 So. at 590.)

The language of Mississippi Code Annotated section 1475.5 (4) (1956) concerning replications is substantially the same as that contained in Mississippi Code section 536 (1930).

We again construed the statutes in Motors Ins. Corp. v. Lenoir, 218 Miss. 348, 67 So. 2d 381 (1953). In that case the insurance company issued a policy of insurance to Lenoir to protect him against loss of a certain truck by fire. Later the truck burned, and Lenoir brought a suit against the insurance company to collect on the policy of insurance. In its answer the insurance company

set up, by way of defense and as affirmative matter and avoidance, that Lenoir had procured the blasting with dynamite and burning of the truck for the fraudulent purpose of collecting the insurance proceeds. The plaintiff filed no written statement of any special matter which he intended to give in evidence in denial or avoidance of the affirmative matter set forth in the defendant's answer. In considering whether or not a written replication should have been filed, this Court stated:

The appellant's contention that the court erred in refusing to grant its request for a peremptory instruction is based principally upon the failure of the appellee to file any written replication to the amended answer of appellant which set up by way of defense and as affirmative matter in avoidance that the appellee procured the burning and destruction of the truck for the fraudulent purpose of collecting the insurance thereon. It is the contention of appellant that since no written replication was filed, no proof by the appellee in denial and avoidance of the special matter set up in the amended answer was admissible, and that, therefore, the affirmative matter set up in the amended answer stands admitted. There are two answers to the appellant's contention. In the first place, no proof of any special matter in denial and avoidance of the affirmative matter was offered by the appellee. He simply denied the special matter alleged in the amended answer. He did not seek to set up any special matter in denial and avoidance of the affirmative defense set up in the amended answer. He was not required to file any written replication to the appellant's amended answer in so far as his answer thereto consisted of a mere denial of the facts alleged therein. Chapter 230, Laws of 1948; Burns v. Clarksdale Production Credit Ass'n, 189 Miss. 34, 195 So. 588. In the second place, the appellant elicited from the appellee on cross-examination his denial of

the facts alleged in the amended answer. We think, therefore, that the court committed no error in denying appellant's request for a peremptory instruction. (218 Miss. at 353-54; 67 So. 2d at 383-84.)

Considering the two causes, we find that in Cause No. 39,328 against appellants based on the December 22, 1958 note, the only affirmative defense of appellants was contained in paragraph IV of their answer. This affirmative defense was that on or about June 10 appellant Ralph Guthrie made a new loan which included the outstanding balance of the December 1958 note. It is obvious that if an answer had been required to the affirmative defense, the only answer appellee could have given would have been a general denial of the allegations. The appellee did not have any special matter it intended to give in avoidance of this defense.

 █ Appellant Guthrie testified that the second note was used to pay the first note, while appellee's proof showed that no part of the May 1959 note was used to pay the December 1958 note, and that appellants made a payment on the December 22, 1958 note on August 7, 1959, about three months after they say it was canceled by the execution of the May 1959 note. It is apparent, therefore, that appellee's proof concerning the affirmative defense in Cause No. 39,328 against appellants on the December 22, 1958 note consisted merely of a denial. A jury question was thus presented and the jury, by returning a verdict for the exact amount sought, including interest and attorneys' fees, determined all issues in favor of the appellee.

In cause No. 39,322 against Ralph K. Guthrie alone, we find that the appellant urged two factual defenses. One is that, at the time the appellant surrendered the pawn tickets and the remaining unpawned security, an agent of appellee released him from all further liability under the note. The other is that the appellee did not deal with the security under the mortgage in an equi-

table manner, and sold it for less than its reasonable value.

No replication to these factual defenses of the appellant was necessary since all the appellee could plead would be a mere denial. On these two factual issues, when properly submitted, the jury found for the appellee.

The crux of this case is the final defense urged by appellant, namely, that the indebtedness due by him was barred by Mississippi Code Annotated section 720 (1956). This issue is again urged by this appellant in his assignment that the court erred in not sustaining appellant's motion for a directed verdict, and also in refusing to grant to appellant his instruction No. 5, which is as follows:

> The Court instructs the jury for the defendant that a deficiency after a sale of collateral must be sued upon within one year or will be barred by law. If you believe from the evidence that the security in the note from Ralph Guthrie was repossessed and sold and that more than one year passed from the sale of such security before the filing of the suit herein then it is your duty to find for the defendant, Ralph Guthrie.

Mississippi Code Annotated section 720 (1956) provides in part as follows:

> In all cases, foreclosure of any deed of trust, mortgage, vendor's lien, or other instrument, no suit or action shall hereafter be commenced or brought upon any installment note, or series of notes of three or more, whether due or not, where said note or notes are secured by mortgage, deed of trust, or otherwise, upon any property, real or personal, unless the same is commenced or brought within one year from the date of the foreclosure or sale of the property pledged as security for said note or notes.

Appellee urges in its brief, as was done in the oral argument before this Court, that lex loci contractus con-

trols in the case at bar. This is an affirmative defense and should have been specially pleaded by the appellee. ██ As a general rule, no answer is required to the pleading of a special statute of limitations. Anderson v. Laurel Oil & Fertilizer Co., 228 Miss. 95, 87 So. 2d 556 (1956). In addition, the contention that the statute of limitations was tolled by virtue of Mississippi Code Annotated section 740 (1956) is also special matter in denial or avoidance and likewise should have been pleaded explicitly by the appellee in answer to appellant's defense.

 ██ While it is true the contract was executed in Alabama by residents of the State of Alabama, in which state the property was located, nevertheless the rule, long established in this state, is that *lex fori* controls, and not *lex loci contractus*. The case of Wright v. Mordaunt, 77 Miss. 537, 27 So. 640 (1899), uncited in briefs of counsel, has application in the case at bar. In that case we held as follows:

> The promissory note sued on was executed in Illinois, payable in Illinois, and both parties resided in that state at the time of its execution and maturity. Its date is July 1, 1892, and it matured September 4, 1892. The law of Illinois does not bar actions on promissory notes until ten years have elapsed after maturity. In the spring of 1898 the maker, Mordaunt, took up his residence in Mississippi, and, on June 6, 1899, he was sued on the note by the payee, Wright, and pleaded the six years statute of limitations, and, his demurrer to Wright's replication setting up the above facts being sustained, Wright appeals. (77 Miss. at 538-39; 27 So. at 640.)

It was pointed out in that case that:

> The note was barred when the action was begun. The *lex fori* governs, and the law of this forum is that six years bar an action on a promissory note, and more than six years elapsed after the maturity of this note.

The fact that this period expired in part before the maker became a citizen of this state makes no difference. It is the lapse of time, regardless of place, which bars in such cases as this. Sec. 2737, code, makes six years a bar. No statute, in a case like this, makes any exception to deprive defendant of the right to invoke the lapse of time as a bar. (77 Miss. at 539; 27 So. at 640.)

In Fisher v. Burk, 123 Miss. 781, 86 So. 300 (1920), the case of Wright v. Mordaunt, *supra*, was cited as being precisely in point, the only difference being that in the former case the defendants never came into Mississippi for the purpose of residence. In that case we pointed out that prior to the Wright case we had held that *lexi fori* governed, citing Fears v. Sykes, 35 Miss. (6 George) 633 (1858), and Hamilton v. Cooper, 1 Miss. (Walker) 542 (1832).

Appellee in substance urges that the statute of limitations was tolled by appellant's seeking relief under the Wage Earner Plan of Chapter 13 of the Bankruptcy Act, 11 United States Code sections 1001-1086 (1938), as amended, and by his leaving the State of Alabama and his whereabouts being unknown to appellee until May 1964, when appellee discovered he was in Mississippi and promptly instituted suit.

It is obvious that the cause of action in the case at bar accrued in Alabama when the foreclouse took place or when the property was sold on April 11, 1960. See Southern Wholesalers, Inc. v. Stennis Drug Co., 214 Miss. 461, 59 So. 2d 78 (1952); 92 C.J.S. *Venue* sec. 10 (1955), and cases cited therein at page 682.

█ █ Under the provisions of Mississippi Code Annotated section 720 (1956), which controls, an action for the balance due under the note had to be brought in Mississippi within one year from the date of sale of the security given under the chattel mortgage. Appellee did not institute suit until May 20, 1964, almost four

years subsequent to the date of sale of the security, and the action was therefore barred by the provisions of section 720. Assuming, arguendo, that appellant's petition under the Wage Earner Plan of Chapter 13 of the Bankruptcy Act, *supra,* did toll the statute of limitations, (I)t is of no avail to the appellee because appellant's discharge took place over three years before appellee instituted suit.

■■ Mississippi Code Annotated section 740 (1956) has no application. The statute of limitations was not tolled during the absence of the appellants from Alabama for the four year period of time when they were found in Mississippi.

In C & L Rural Elec. Co-op. Corp. v. Kincade, 175 F. Supp. 223 (N. D. Miss. 1959), it is pointed out that this Court has held that section 740 applies only to causes of action that have accrued in Mississippi, citing U. S. F. & G. Co. v. Ransom, 192 Miss. 286, 5 So. 2d 238 (1941); Fisher v. Burk, *supra;* Wright v. Mordaunt, *supra;* Le Mieux Bros. Corp. v. Armstrong, 91 F. 2d 445 (5th Cir. 1937).

It was also pointed out in that suit that, in an action on a contract, the statute of limitations of the state where the suit is brought governs. The suit at bar was brought in this state and its laws govern and control. There was no absence from this state, and more than a year had elapsed since the cause of action accrued; thus the suit was barred by Mississippi's one year limitation, section 720, and appellant's fifth instruction should have been granted. If this be an austere rule that is wanting in justice, then section 720 presents a problem for legislative consideration and correction. It is beyond the cable tow of judicial remedy.

We therefore reverse the judgment in Cause No. 39,322 against appellant Ralph K. Guthrie, and enter judgment here for him. This case is affirmed as to Cause No. 39,328.

Affirmed as to Cause No. 39,328, but reversed and judgment entered here for appellant as to Cause No. 39,322.

*Ethridge, P. J., and Gillespie, Jones and Inzer, JJ.,* concur.